### THE TORDENSKJOLD.
### THE NORTHWESTERN.

**SERWOLD v. ALASKA S. S. CO.**
No. 13080.

District Court, W. D. Washington, N. D.
July 15, 1931.

Bronson, Jones & Bronson, of Seattle, Wash., for libelant.

Bogle, Bogle & Gates, of Seattle, Wash., for respondents.

NETERER, District Judge.

Libelant seeks award for salvage services rendered on or about the 6th day of November, 1930, for salvaging the steamship Northwestern, and passengers and crew, etc. The respondent has answered admitting the salvage service, and that she had a cargo and passengers on board. The libelant seeks by motion, under General Admiralty Rule 32, "discovery on oath" of documents in possession of claimant relative to the matter "in issue."

The discovery is sought of the passenger list, and all documents identifying names and residences of passengers on board, all cargo manifests, bills of lading, etc., crew list, including copies of ship's articles, giving addresses of all officers on board and members of the crew, rough and smooth pilot house logs, rough and smooth engine room logs, the bell book, engine room's, purser's, steward's, and deck department stores lists, radio logbook and record of all general broadcast messages, and copy of wireless dispatches from the steamship Northwestern on November 6, 1930, having connection with the condition, movement or assistance of the said steamship Northwestern following loss of her rudder on or about the "16th day of November, 1930."

An issue is a matter affirmed on one side and denied on the other. The salvage service being admitted, the value of the vessel being denied, there being no allegation in the libel as to amount or value of cargo, the discovery sought is purely a "fishing expedition," with a view of discovering facts upon which to predicate a cause of claim. The discovery or the production of the passenger lists and crew lists, with addresses, is merely to discover witnesses for evidence, and not to disclose any fact in issue. Rule 31 and rule 32 must be considered together, and a litigant may not, under rule 32, invoke the provisions of rule 31. It is possible that some of the information sought by the libelant would be discoverable under the provisions of rule 31, but, if successful under rule 32, would be granted a privilege which is not warranted by the rule, law, or justice. A litigant may not, by interrogatory or discovery of documents, be permitted to pry into the adversary's evidence, or compel the names and addresses of witnesses. The purser's, steward's, and deck department stores lists and documents serving to identify the quantity and value of the "small stores of food, supplies," may possibly be within rule 31, but not within the provisions of rule 32. There is no issue with relation to the movement of the respondent ship or of the service rendered which would require the production of the radio logbook. There is issue with relation to the roughness or smoothness of the sea, and with relation to the velocity of the wind.

Paragraphs I, II, III, V, and VI of the motion for discovery are therefore denied; paragraph IV of the motion is granted; and these logs may be deposited with the clerk of this court for inspection by the libelant, unless the parties agree as to the inspection.