## THE DALZELLACE.

### DALZELL v. VALVOLINE OIL CO.

District Court, S. D. New York.
Dec. 27, 1934.

Burlingham, Veeder, Clark & Hupper, of New York City (Eugene Underwood, of New York City, of counsel), for libelant.

Putney, Twombly & Hall, of New York City (Frederic R. Sanborn, of New York City, of counsel), for respondent.

HULBERT, District Judge.

Libelant claims that his tug sustained injuries to its propeller by striking a sunken pile under water on land belonging to the respondent. The alleged sunken and broken pile was close to one of respondent's piers at Edgewater, N. J. Respondent stresses the fact that libelant gave no notice of the accident and made no claim until upwards of five weeks after the alleged accident.

This is a motion by respondent to overrule libelant's exceptions to respondent's interrogatories, forty in number.

On the motion it was agreed that twenty-eight are to be answered; eight were withdrawn and only four remain in dispute, otherwise the court would apply the ruling in Erie & Western Transportation Co. v. Great Lakes Towing Co. (D. C.) 184 F. 349, which condemns the practice of omnibus exceptions.

Rule 32 of the Admiralty Rules of Practice (28 USCA § 723) reads as follows: "After joinder of issue, and before trial, any party may apply to the court for an order directing any other party, his agent or representative, to make discovery, on oath, of any documents which are, or have been, in his possession or power, relating to any matter or question in issue. And the court may order production, by any party, his agent or representative, on oath, of such of the documents in his possession or power relating to any matter in question in the cause as the court shall think right, and the court may deal with such documents, when produced, in such manner as shall appear just."

This rule is clear and intelligible.

It was applied by Judge Campbell in The President Polk and The President Adams (D. C.) 37 F.(2d) 102, on a motion for an order directing the discovery and inspection of all reports made by officers of the steamship President Polk to the respondent, and also for a discovery and inspection of the report made by the chief officer and other officers of said vessel to the Protection & Indemnity Underwriters.

It was applied by Judge Moscowitz in The Hendrik Hudson (D. C.) 1 F. Supp. 220, on a motion by the respondent to discover and examine the log books of the steamship Commercial Guide and all reports made to the libelant by the master of the Commercial Guide in the regular course of his employment.

In The Cleona and The Joseph C. Reikert (D. C.) 37 F.(2d) 599, 600, Judge Woolsey said: "In the first place, it must be remembered that, fortunately, admiralty practice is plastic. It is largely judge-made, and consequently not technical—in fact, it is less technical than equity practice. Broadening from precedent to precedent, and based on a wisely administered convenience, admiralty practice has always been prepared to cope with new situations as they have arisen. * * * The utmost freedom of discovery before trial, compatible with allowing to a party certain necessary reticences in respect of his oral evidence, is of the essence in any enlightened procedure."

██ Upon the circumstances in this case, the court overrules the exceptions to the seventh, fourteenth, and thirty-fifth interrogatories. The last named may be answered yes or no. The exception to the thirteenth interrogatory is sustained.

Order on two days' notice to be presented within ten days of the date of filing this memorandum.

NOTE: The interrogatories above disposed of are:

Seventh: Attach true copies of the entries in the scrap or deck official and engine log books or other log books of said tug, showing all entries made on March 16, 1934.

Thirteenth: State the name and address of the captain and of the engineer of the said tug who were in charge of her at the time of the alleged accident on March 16, 1934.

Fourteenth: Attach true copies of any and all reports concerning the said accident

made by any of the officers of said tug to the owners and/or manager of the said tug.

Thirty-fifth: State whether or not it is claimed that any report was made by any one on behalf of libelant to any employee of respondent on the day when the alleged accident happened; if so, state the name of the employee of respondent to whom it is alleged the said report was made.