**MURPHY v. NEW YORK & PORTO RICO S. S. CO.**

District Court, S. D. New York.
April 12, 1939.

Jacob Rassner, of New York City, for plaintiff.

Ireland & Cohen, of New York City, for defendant.

HULBERT, District Judge.

Plaintiff moves for an order striking out a portion of the defendant's answer for failure to comply with certain provisions of an order made herein Feb. 28th, 1939.

Plaintiff is a seaman and sues under the Jones Act, 46 U.S.C.A. § 688, to recover $100,000 damages for an assault alleged to have been committed upon him May 9th, 1938 by a fellow member of the crew of the Steamship Borinquen, a vessel owned and operated by the defendant between New York and West Indian Ports.

There are two causes of action. One for the injuries alleged to have been sustained and the other for maintenance and cure.

The plaintiff sought "an order directing the defendant, by its President, managing agent or an officer of the defendant having knowledge of the facts or possession or control of the documents to appear at such time and place as the Court may direct and produce the records enumerated, and give evidence * * *".

The order contains 8 paragraphs setting forth the subject matter of the examination and the items to be produced for inspection.

On this motion the Court is concerned with only the first.

The order reads:

"Ordered, that the defendant allow the plaintiff to inspect and make copies of the following:

"1. Any reports made in the regular course of business with reference to the plaintiff's injuries on or about the 9th day of May, 1938."

Upon failure of the defendant to comply, plaintiff brought on this motion and attaches to the moving papers a letter from one Gangel written on the letterhead of the defendant's counsel, which reads as follows:

"This to advise that we communicated with the defendant in the above entitled action for the purpose of obtaining the records and information as requested in the order entered herein February 28th, 1939.

"In response to the said letter the duly authorized representative of the defendant informed the writer that due to the fact that the alleged assault did not take place on board ship but took place on the dock, they have no records pertaining to same.

"The official log book of the voyage was forwarded to us and inspected by the writer. This official log book makes no mention of this alleged happening."

This letter, of course, was not a compliance with the provisions of the order.

There were submitted to the Court on the argument, on behalf of the defendant,

photostatic copies of statements taken by a representative of the attorneys for the defendant who appeared in this action at the instance of an insurance carrier.

 It is not to be supposed that the Court would direct the disclosure to the plaintiff's attorney of information gathered by the defendant's attorney after the date of the accident in preparation for the defense of the action.

I take the words set forth in the order "Any reports made in the regular course of business with reference to the plaintiff's injuries" to mean, information furnished by the officers of vessel to the owners in the form of a report; nor should the plaintiff be required to rely upon the assurance of Mr. Gangel as to what the log book does or does not contain. The log book itself is the best evidence of that and the plaintiff should have the right to inspect the entries on the date in question.

Upon compliance with the order to be settled on three days' notice and entered on this motion, within five days after the service thereof with notice of entry, the motion will be denied; otherwise granted.