### SHELTON v. UNITED STATES.

District Court, S. D. New York.
May 4, 1939.

802

Paul C. Matthews, of New York City, for libelant.

Gregory F. Noonan, of New York City (Barry, Wainwright, Thacher & Symmers, of New York City, of counsel), for the United States.

CONGER, District Judge.

This is an application on the part of the libellant for an order requiring the respondent to furnish libellant with the names and addresses of the members of the crew of the steamship "West Calumb" for the trip during which the libellant was injured and the present addresses of the members of the crew of the said steamship.

It appears that this is an action brought by the libellant to recover damages for personal injuries sustained while he was on board the said steamship as a seaman. The action is brought under the Suits in Admiralty Act of 1920, 46 U.S.C.A. § 741 et seq.

■ This motion is brought pursuant to Article VII, Rule 25, of the Admiralty Rules of the United States District Court for the Southern District of New York which reads as follows: "Discovery, inspection and taking of a photograph of any article, property or place under the control of a party may be had by any other party, upon order of the Court".

Motion denied. The application herein for the names and addresses of the crew is merely to discover witnesses for evidence and not to disclose, in fact, any evidence. The litigant may not be interrogated or discovery of documents be permitted, to pry into the adversary's evidence or to compel the names and addresses of witnesses. The Northwestern, 53 F.2d 266, 1931 A.M.C. 1479.

■ I realize that this rule should be liberally construed. I am satisfied, however, that it never was the intention of this rule to obtain from the adversary, the names and addresses of members of the crew or the officers thereof. It is entirely in the nature of a fishing expedition. The libellant relies greatly, in his brief, upon the case of The Dalzellace, 10 F.Supp. 434, 435, 1935 A.M.C. 469. As a matter of fact, in that case, Judge Hulbert, in passing upon almost the exact situation, refused to allow "the name and address of the captain and of the engineer of the said tug who were in charge of her at the time of the alleged accident * * *" (Interrogatory "Thirteenth").

Furthermore, in the said case, with reference to the "Thirty-fifth" interrogatory, as to whether any report was made on behalf of libellant, and "if so, state the name of the employee of respondent to whom it is alleged the said report was made". Judge Hulbert, with reference thereto, allowed the interrogatory to the extent that it might be answered "Yes" or "No". This excluded, of course, the giving of the name of the said employee. Submit order on notice.