**C. F. SIMONIN'S SONS, Inc., v. AMERICAN CAN CO.**

No. 19948.

District Court, E. D. Pennsylvania.

Dec. 4, 1939.

George V. Strong, of Philadelphia, Pa., for plaintiff.

Samuel Scoville, Jr., and Thomas Raeburn White, both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

Acting upon the leave granted by the Court in the opinion filed September 20, 1939, 30 F.Supp. 901, the defendant moved for a pretrial hearing, and presented the detailed affidavit of one of its vice-presidents in support of the motion. The hearing was held and the entire matter informally but thoroughly considered by the Court in a conference with counsel for both parties. The Court is indebted to counsel for their entire frankness and their practical assistance and cooperation in arriving at a conclusion. The purpose of the hearing was, as has been indicated in the prior opinion, to determine whether or not the plaintiff had a case which would justify the ordering of answers to its interrogatories.

The net result of the information elicited by the Court at the hearing from defendant's affidavit and statements of counsel for both parties is:

1. The defendant does not deny certain discriminations against the plaintiff since the effective date of the Robinson Patman Act, June 19, 1936, 15 U.S.C.A. §§ 13–13b, 21a, to December 21, 1936, but asserts that they existed no longer than the minimum time which was necessary for it to examine and revise its price structure to conform to the new law, and that prompt reparation, covering this necessary period of readjustment, was made. Further, that the amount was trivial—less than $2,200 actually paid, which sum included concessions to the plaintiff for purely commercial reasons. The defendant asserts that since December 31, 1936, no discrimination has existed.

2. The defendant does not deny the existence of price differences unfavorable to the plaintiff prior to June 19, 1936, but does deny that such differences constituted illegal discrimination against the plaintiff

within the meaning of Sec. 2 of the Clayton Act, 15 U.S.C.A. § 13. The defendant contends that whatever differences of price existed were legal under the first proviso of Sec. 2, and also that they were not such to tend to lessen competition or tend to create a monopoly.

The foregoing statements are not to be taken as fact findings, nor considered in the case for any purpose other than as reasons for the present action.

■ The case appears to be a proper one for requiring answers to interrogatories, and the order dismissing the objections to them is reaffirmed.

■ The interrogatories are very numerous, 213 of them, but they have to do with only four of the defendant's customers, and only sixteen types of can. A set of thirteen identical interrogatories is directed to each one of these types of product. The first nine interrogatories in each set relate to the contract under which cans of the type involved were sold. These need not be answered separately, but may be met by the production of the contract or contracts for inspection by the plaintiff. If the parties cannot arrange for terms and conditions of such inspection, application may be made to the Court. The remaining four interrogatories in each set have to do with questions of outside arrangements not appearing in the contract, and they will be answered by the defendant.