COURTEAU v. INTERLAKE S. S. CO. et al.

No. 20.

District Court, W. D. Michigan, N. D.

Jan. 21, 1941.

See, also, 1 F.R.D. 429.

Yelland & Yelland, of Escanaba, Mich. (S. Eldridge Sampliner, of Cleveland, Ohio, of counsel), for plaintiff.

McKeehan, Merrick, Arter & Stewart and George William Cottrell, all of Cleveland, Ohio, for defendant Interlake S.S. Co.

RAYMOND, District Judge.

Prior to the dismissal of this case as to defendant Thomson, trustee, etc., plaintiff filed motion for an order requiring defendants, Interlake Steamship Company and Thomson, trustee, etc., to produce and permit the inspection of certain documents and the photographing of certain objects. Because of the order of dismissal, the motion is now before the court for consideration only as to defendant The Interlake Steamship Company.

This defendant makes no objection to an order being entered as prayed in paragraphs 1 (c), 1 (d), and 2 of the motion. This leaves for consideration plaintiff's right to production and inspection of: 1 (a) "All pictures, books, letters and journals in defendants possession or control, regarding or relating to the alleged accident and subsequent death of the plaintiff's decedent, which occurred on June 2, 1939, as described in plaintiff's

complaint"; 1 (b) "Any written statement or affidavit given to this defendant by any person in its employ concerning the alleged accident of plaintiff's decedent and subsequent death of plaintiff's decedent, which occurred on June 2, 1939"; and 1 (e) "Crew list of the SS Corvus on June 2, 1939, together with their addresses," and also, the issue presented by briefs, whether the motion may properly be ruled on prior to completion of pleadings. Upon this latter question, the court finds itself in accord with the view stated in C. F. Simonin's Sons, Inc., v. American Can Co., D.C., 24 F. Supp. 765, to the effect that Rule 34 of Rules of Civil Procedure, 28 U.S.C.A. following section 723c, may be invoked at any time after the commencement of a civil action. Exceptional cases may be presented, but in the circumstances of the present case, the rule as there stated applies.

 The application for production and permission to inspect documents listed under paragraph 1 (a) must be denied for the reason that the affidavit in support thereof states merely that "each of them constitutes and contains evidence relevant and material to the matters involved." The affidavit should show that the documents contain evidence material to the matter involved, and should disclose facts with sufficient clarity to enable the court to determine the issue of relevancy. The mere conclusion of the attorney for one of the parties concerning relevancy and materiality is insufficient. See Pierce v. Submarine Signal Co., D.C., 25 F.Supp. 862; Thomas French & Sons v. Carleton Venetian Blind Co., D.C., 30 F.Supp. 903. The following quotation from 18 Hughes Federal Practice, section 22,713, is pertinent: "A condition precedent to the right of inspection by the party calling for the documents or tangible things, is that they shall be, or shall embody evidence that is material to the cause. No mere 'roving inspection' will be tolerated. It was not intended by this rule to open all of a party's records to the other party on the vague chance that they may contain some material that is relevant to some theory advanced by the other party. However, the requirement of materiality does not compel the person seeking discovery definitely to prove materiality. It is sufficient that party seeking discovery establish that it is reasonably probable that the documents sought to be examined constitute or contain material evidence."

The objection to 1 (b) must also be sustained for the reason that, in effect, it asks the opposite party to produce statements made by witnesses, and amounts to allowing the plaintiff to make use of his opponent's preparation for trial. As was said in the case of McCarthy v. Palmer, D.C., 29 F.Supp. 585, 586: "* * * While the Rules of Civil Procedure were designed to permit liberal examination and discovery, they were not intended to be made the vehicle through which one litigant could make use of his opponent's preparation of his case. To use them in such a manner would penalize the diligent and place a premium on laziness. It is fair to assume that, except in the most unusual circumstances, no such result was intended."

The request under 1 (e) for a crew list of the SS Corvus on June 2, 1939, together with their addresses will be granted.

An order in conformity herewith may be presented for signature on or before January 27, 1941.