## STARK v. AMERICAN DREDGING CO.

### Civil Action No. 2864.

District Court, E. D. Pennsylvania.

Dec. 30, 1943.

Freedman and Goldstein, of Philadelphia, Pa., for plaintiff.

Philip H. Strubing and Evans, Bayard & Frick, all of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The plaintiff sues as administrator for damages for the death of one Joseph Ciccarello, an employee of the defendant, alleged to have been killed in the course of his employment. The case is now before the Court upon the plaintiff's motion for the production of certain documents, under Rule 34, Rules of Civil Procedure, 28 U.S. C.A. following section 723c. The documents fall in several categories which will be discussed separately.

█ (1) *Signed statements of employes of the defendant made to the defendant's insurance carrier.* The statements were obtained in anticipation of a suit being brought for Ciccarello's death and must be considered as part of the defendant's preparation of its case. No line of demarcation in this respect can logically be drawn between statements obtained before a suit is actually begun and those obtained thereafter. The weight of authority is that documents made in preparation for litigation cannot be the subject of discovery under Rule 34, and the following cases specifically so hold in connection with the statements of witnesses: Seals v. Capital Transit Co., D.C., 1 F.R.D. 133; Courteau v. Interlake S. S. Co., D.C., 1 F.R.D. 525; Piorkowski v. Socony Vacuum Oil Co., D. C., 1 F.R.D. 407; Poppino v. Jones Stores Co., D.C., 1 F.R.D. 215; Kenealy v. Texas Co., D.C., 29 F.Supp. 502 (and its compan-

ion cases, Fluxgold v. United States Lines, and Bennett v. Waterman, S. S. Corporation, D.C., 29 F.Supp. 506); Murphy v. New York & Porto Rico S. S. Co., D.C., 27 F.Supp. 878. See also Rosenblum v. Dingfelder, D.C., 2 F.R.D. 309, and Floridin Co. v. Attapulgus Clay Co., D.C., 26 F. Supp. 968.

There are a few decisions in which statements made in preparation for trial were held subject to production under Rule 34, but in most, if not all, of those, special considerations seem to have controlled. Either, the statements were by the opposite party and hence may have contained statements against interest, or were made in the regular course of business, or as part of the witness's regular duties though perhaps in view of the general possibility of lawsuits, or were made by a person unavailable at the time of the motion, etc.: Colpack v. Hetterick, D.C., 40 F.Supp. 350 (upon plaintiff's motion, to produce statements by defendants to insurance carrier); Bough v. Lee, D.C., 28 F.Supp. 673 and Id., D.C., 29 F.Supp. 498 and Price v. Levitt, D.C., 29 F.Supp. 164 (both cases involved, on plaintiff's motion, plaintiff's statement to insurance carrier in possession of defendant); Revheim v. Merritt-Chapman & Scott Corp., D.C., 2 F.R.D. 361 (reports of captain and ship's officers made prior to commencement of the action); Leach v. Greif Bros. Cooperage Corp., D.C., 2 F.R. D. 444 (on plaintiff's motion, statements by plaintiff and the only eyewitness, which had been obtained by one representing plaintiff by power of attorney and turned over to defendant's attorney); Kane v. News Syndicate Co., D.C., 1 F.R.D. 738 (the document sought to be produced had been prepared by a man unavailable at the time of the motion).

█ Of course, the purpose of the rules is to aid in the determination of the truth and to eliminate from Federal practice the old procedural elements of concealment and surprise. " * * * the spirit of the Federal Rules * * * requires that discovery before trial be made whenever possible." Moore, Sec. 34.04. However, there must be a point beyond which discovery cannot go. Most judges have felt it unreasonable that one party be allowed to make use of the other's preparation of its case. There may be a sound basis for this point of view in that, under our system of trial of disputed issues adequate, even though one-sided, investigation

is a useful step in the process, and the discovery of the truth may be aided if parties are allowed complete freedom in preparing their respective cases for presentation to the Court, unhandicapped by the fear of being compelled to disclose each bid of information as it comes in. The rule should not and has not been made an absolute one so as to work injustice or unnecessarily impede the production of material evidence. The limitation remains subject to the general liberal spirit of the rules; and "the amount of protection properly required against an undue invasion of privacy will rest largely on the discretion of the court." Connecticut Importing Co. v. Continental Distilling Corp., D.C., 1 F.R.D. 190, 193. The extent of the limitation is well stated in Seals v. Capital Transit Co., supra [1 F.R.D. 134]: A request to produce statements of witnesses taken by the other party in preparation for trial "should be predicated upon good cause shown." In this case no good reason appears why the general rule should be departed from.

 (2) *The report of the defendant's superintendent in connection with the accident.* This report comes within the rule covering the production of logs, officers' reports, etc. (see The Dalzellace, D.C., 10 F. Supp. 434, 1935 A.M.C. 469, and cases cited: Kenealy v. Texas Co., supra; Revheim v. Merritt-Chapman & Scott Corp., supra), by which the reports have generally been held subject to production. Although the prospect of litigation may be one of the reasons for requiring these reports to be made, there are others, and not quite the same considerations apply as in the case of statements of witnessse, employees and others, who happen to know something of the facts and whose statements are taken solely as part of the preparation for trial. See Murphy v. New York & Porto Rico S. S. Co., supra.

 (3) *The "reports, statements and memorandums of Captain John Haugland."* By affidavit E. Homan Stroud, defendant's vice president, swears that "American Dredging Company does not have possession, custody or control of any report, statement or memorandum of John Hoagland, and I have no information as to the existence of any such documents." Taking this to refer to the John H. of the plaintiff's motion as quoted, it is apparent that the motion in this respect must be denied.

 (4) *"All diagrams or documents containing any drawings showing the relative positions of the dredge in connection with the accident."* The motion in this respect is obviously too general and falls so far short of the specific designation required by the rule that it must be denied.