**EISEMAN v. PENNSYLVANIA R. CO.**
Civil Action No. 3268.

District Court, E. D. Pennsylvania.
Jan. 18, 1944.

B. Nathaniel Richter, of Philadelphia, Pa., for plaintiff.

Philip Price, of Philadelphia, Pa., for defendant.

## KALODNER, District Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for the recovery of damages resulting from fatal injuries sustained by Louis Eiseman, an employee of the defendant. The deceased was struck by one of the defendant's trains while crossing one of the main tracks adjacent to its freight yards in West Philadelphia. The plaintiff has filed a rather lengthy motion asking for orders (1) to produce certain documents alleged to be in the possession of the defendant; (2) requiring the defendant to permit inspection and photographing of said premises and equipment belonging to the defendant; and (3) requiring the defendant to produce for examination certain named witnesses.

It is unnecessary to discuss the second request, since the parties have agreed that an inspection may be made by the plaintiff's representatives and photographs taken of the immediate vicinity of the accident.

As to plaintiff's request for production of statements obtained by the defendant: Judge Kirkpatrick in the recent case of Stark v. American Dredging Co., D.C., 3 F.R.D. 300, ruled that a report made by the defendant's superintendent in connection with an accident is subject to inspection by the plaintiff under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. Said Judge Kirkpatrick: "This report comes within the rule covering the production of logs, officers' reports, etc. * * *"

In Murphy v. New York & Porto Rico S. S. Co., D.C., 27 F.Supp. 878, 880, the Court said: "Any reports made in the regular course of business with reference to the plaintiff's injuries [are subject to inspection]." See, also, Revheim v. Merritt-Chapman & Scott Corp., D.C., 2 F.R.D. 361, in which the plaintiff was permitted to examine original reports of the Captain and other officers on the tug relating to the plaintiff's accident.

In consonance with the above I am of the opinion that the statements of the defendant's employees making reports as to the accident and submitted in the usual course of business following the accident are subject to the inspection of the plaintiff.

Accordingly the plaintiff's motion is granted as to the production of statements made by Peter L. Graveson, the engineer (paragraph 1(a)); LaGrande J. Weller, fireman (paragraph 1(b)); Thompson, Canaban, Callahan and Hargraves, fireman, brakeman, flagman and engineer respectively of the Crew 110 of which the deceased, Louis Eiseman was conductor and a member (paragraph 4).

Paragraph 1(c) is denied inasmuch as it demands the signed statement and report of George W. Buckson, and no statement was

ever obtained by the defendant from Buckson.

As to paragraph 2 of the plaintiff's motion, for "the original request for the installation of safety equipment filed by Harry E. Clark with H. L. Leiter, assistant freight train master", the document in question is no longer in existence and it is therefore unnecessary to discuss this further.

As to paragraph 3 asking for "the written report and request by H. L. Leiter filed with the road supervisor, making request for installation of safety warning equipment on Track No. 2 at 52nd and Lancaster Avenue", the motion is denied.

As to the request in paragraph 6 to again produce certain witnesses who were originally produced by the defendant but whom the plaintiff proceeded to examine without having such witnesses properly sworn, the request is denied.

As to witness J. E. Fisher of the Superintendent's office, whom the defendant failed to produce originally, he is to be produced for examination by the plaintiff. His examination is to be restricted, however, to such matters of which he has primary knowledge.