### DOWD v. AMERICAN S. S. CO.

#### Civil Action No. 1993.

District Court, W. D. New York.

Feb. 19, 1945.

William J. Flynn, of Buffalo, N. Y. (John E. Drury, Jr., of Desmond & Drury, all of Buffalo, N. Y., of counsel), for plaintiff.

Richards & Coffey, of Buffalo, for defendant.

KNIGHT, District Judge.

Plaintiff's intestate was killed while employed on defendant's vessel navigating upon the Great Lakes. A complaint in a negligence action has been served on defendant who then demanded a bill of particulars. Before granting the demand, plaintiff has instituted discovery under Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to have defendant produce: (1) The crew list of the Steamer "Thunder Bay Quarries," as of August 25, 1944; (2) the log of said steamer, as of that date or any other date upon which an entry was made in connection with this accident; (3) reports and statements made in the regular course of business following the accident to the employer or its representative by the captain, the first, second and third assistant engineer and the conveyorman—one James Donaldson; (4) reports and statements made in the regular course of business following the accident to the employer or its representative by any other officers or members of the crew having knowledge of the facts and circumstances of the accident; (5) photographs of the control room and appurtenances of said vessel taken shortly after the accident in the usual course of business. Plaintiff also seeks an order permitting entry upon the vessel to inspect, measure, survey and photograph the control room and the appurtenances.

Discovery may be granted by the court upon showing good cause where plaintiff has designated specific papers and documents which contain material evidence, under Rule 34.

Only requests 3, 4 and 5 are opposed by defendant, and these upon the ground that plaintiff is seeking to make a roving inspection. Plaintiff contends that she is merely seeking reports and statements made in the ordinary course of business, showing that complete control of the situs of the accident is with defendant and that defendant controls the witnesses.

Request number 3 is sufficiently definite, calling for certain reports by named people, and it will be allowed. The statements of defendant's employees making reports relevant to the accident and submitted in the usual course of business following the accident are subject to the inspection of the plaintiff. Stark v. American Dredging Co., D.C., 3 F.R.D. 300, 302; The Dalzellace, D.C., 10 F.Supp. 434; Eiseman v. Pennsylvania R. Co., D. C., 3 F.R.D. 338; Murphy v. New York & Porto Rico S. S. Co., D.C., 27 F.Supp. 878; and numerous other cases support this view.

Request number 4 tends to make defendant disclose who its witnesses are and what their testimony would be. It is, therefore, denied. As was said in the case of McCarthy v. Palmer, D.C., 29 F. Supp. 585, 586, and quoted with approval in Courteau v. Interlake S. S. Co., D.C., 1 F.R.D. 525, 526: "While the Rules of Civil Procedure were designed to permit liberal examination and discovery, they were not intended to be made the vehicle through which one litigant could make use of his opponent's preparation of his case. To use them in such a manner would penalize the diligent and place a premium upon laziness. It is fair to assume that, except in the most unusual circumstances, no such result was intended." The court is cognizant that in Engl v. Ætna Life Ins. Co., 2 Cir., 139 F.2d 469, 472, the court stated: "By the extensive discovery practice of the new rules, examination before trial may be had not merely for the purpose of producing evidence to be used at the trial, but also for discovery of evi-

dence, indeed, for leads as to where evidence may be located." (The court was there dealing with Rule 26.) We do not feel that that version by the Circuit Court is out of harmony with McCarthy v. Palmer, supra. The cases should be read together, being used as guides, not as limitations. Roving discovery cannot be permitted under the guise of asking for statements made in the ordinary course of business. Plaintiff must show by whom they are made and how relevant to the case which he is litigating and cannot resort to such a general, and we might say hopeful, request as number 4.

■ Request number 5 is granted. It seeks material within the limit of Rule 34. Definite statement as to that which is wanted is made and photographs made in the ordinary course of business are sought.

After the requests herein granted are complied with, plaintiff shall answer defendant's demand for a bill of Particulars. It seems evident that plaintiff cannot sooner answer without the material which he seeks in these requests.