### MIDLAND STEEL PRODUCTS CO. v. CLARK EQUIPMENT CO.

Civ. A. No. 413.

District Court, W. D. Michigan, S. D.
Sept. 20, 1945.

F. O. Richey and Leslie Nichols, both of Cleveland, Ohio, and Laurence W. Smith, of Grand Rapids, Mich., for plaintiff.

John A. Dienner and Edward C. Grelle, both of Chicago, Ill., Walter E. Schirmer, of Buchanan, Mich., and Frank E. Liverance, Jr., of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge.

This matter is before the court upon motion by plaintiff for order requiring defendant to produce and permit inspection and copy of documents; and also, upon motion by defendant for order requiring plaintiff to produce and permit defendant to inspect, to copy and to photograph certain documents and tangible objects.

 No objection has been made to plaintiff's motion, and an order may be

presented to the court for signature in conformity therewith.

No substantial objection has been made by plaintiff to the production of certain tubes, sections of tubes, pieces of tubes, and axle housings produced on defendant's second atomic hydrogen welding machine, designated in paragraphs 1, 2 and 3 of defendant's motion, and an order may be presented requiring their production

Objection is made by plaintiff to the demand for production of tubes, sections of tubes, pieces of tubes and axle housings designated in paragraph 4, and to the production of photographs and written reports demanded by paragraphs 5, 6, 7 and 8, upon the ground that these devices and documents are a part of plaintiff's preparation for trial and that those preparations are not complete at the present time; also, that the reports of R. E. Kinkead called for in paragraph 8 are privileged because Kinkead is a practicing consulting chemist employed by attorneys for the plaintiff to expert this cause.

The court is convinced that the weight of authority is to the effect that Rule 34 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, was not intended to permit a party to pry into the details of the other party's preparation for trial, or to make available the result of a party's investigations in preparing for trial. See Floridin Co. v. Attapulgus Clay Co., D.C., 26 F.Supp. 968; McCarthy v. Palmer, D.C., 29 F.Supp. 585; French v. Zalstem-Zalessky, D.C., et al., D.C., 1 F.R.D. 508; Courteau v. Interlake S. S. Co., D.C., 1 F.R.D. 525; Stark v. American Dredging Co., D.C., 3 F.R.D. 300; Nelson v. Reid, D.C., 4 F.R.D. 199.

It appears highly probable that substantial portions of the devices and documents demanded in paragraphs 4, 5, 6, 7 and 8 relate to plaintiff's preparations for trial, and are properly subject to plaintiff's objections. However, it is possible that under a further specific showing of devices or documents desired, defendant may be able to convince the court that certain of these are not subject to the objections made, and are not privileged.

The motion for production of devices and documents under paragraphs 4, 5, 6, 7 and 8 will be denied as failing to show good cause, but without prejudice to renewal of the motion. See Vol. 2, Moore's Federal Practice, 1944 Supp. page 284.

Orders may be submitted in conformity herewith.