**CORBETT v. COLUMBIA TRANSP. CO.**

Civil Action No. 2726.

District Court, W. D. New York.

April 11, 1946.

Desmond & Drury of Buffalo, N. Y., for plaintiff.

Johnson & Branand, of Cleveland, Ohio, and Arthur E. Otten, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

Plaintiff sues in this court to recover $40,000 damages for personal injuries. He alleges that, on or about July 1, 1944, while he was employed by defendant on its merchant steam vessel "W. C. Richardson" as an oiler and member of the crew and while in discharging his duties he was descending the engine room steps, he was caused to fall and suffer the alleged injuries because of defendant's negligence in "the maintenance and operation of said vessel in an unsafe and unseaworthy manner with unsafe and unseaworthy equipment."

With its answer containing a general denial, defendant propounded certain interrogatories. These were answered by the plaintiff. Defendant then moved for a bill of particulars. Plaintiff then served such bill and also an amended bill. After this, plaintiff upon his affidavit procured an order requiring the defendant to show cause why it should not produce for inspection certain documents and permit the inspection and photographing of said vessel.

More particularly stated, plaintiff seeks an order directing the defendant to produce and permit him to inspect and copy (1) the crew list of said vessel as of July 1, 1945; (2) the entries in the ship's log as of said date; (3) the reports and statements made in the regular course of business following the accident to the employer or its representatives by the captain, first engineer or third assistant engineer and by himself to the latter; (4) and directing defendant to permit him or his attorneys to enter upon said vessel for inspecting, measuring, surveying and photographing the same.

All this is opposed by defendant's attorneys.

■ Rule 34(1) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, expressly applies only to documents "which constitute or contain evidence material to any matter involved in the action." United States v. Aluminum Co. of America, D.C., 26 F.Supp. 711, 712; Stewart-Warner Corporation v. Staley, D.C., 4 F.R.D. 333, 335. This limitation must govern plaintiff's application.

■ (1) *The Crew List.*

Plaintiff desires to inspect the crew list of defendant's vessel "W. C. Richardson" as of July 1, 1945. The complaint alleges that the accident occurred "on or about the 1st day of July, 1944." The amended bill of particulars, which became a part of the pleading under Rule 12(e), gives the date as July 1, 1945, about 10 P.M. July 1, 1945, is the date of accident given in plaintiff's affidavit in support of this discovery application.

Said affidavit alleges: "Second: This action is brought to recover damages under the Jones Act, 46 U.S.C.A. 688." Section 688 of the Act provides:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right to trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply."

Plaintiff, in the 1st paragraph of his complaint, alleges that he "was employed by the defendant as an oiler and member of the crew" on said vessel. This allegation is expressly admitted in defendant's answer (Par.1).

Plaintiff in his moving affidavit alleges: "Fifth: It will be impossible for (him) to prepare and prosecute successfully his suit for damages unless he is furnished with certain information within the exclusive custody of the defendant. This information consists of the copy of the crew list showing the seamen employed on board the 'W. C. Richardson' at the time of plaintiff's injury." This is a mere conclusion. Plaintiff "must state facts showing that the information contained there is material to the issue." Stewart-Warner Corp. v. Staley, D.C., 4 F.R.D. 333, 335. This he has failed to do. The motion will be denied as to this item.

### (2) *Entries in the Ship's Log.*

In Kenealy v. Texas Co., D.C., 29 F. Supp. 502, an action for damages for personal injuries under the Jones Act sustained by plaintiff while employed as a seaman on one of defendant's vessels, the Court said, after discussing Rule 34: "The plaintiff is unquestionably entitled to the log records insofar as they relate to any issue in the case." Page 504 of 29 F.Supp. Plaintiff desires to inspect "the entries made in the ship's log on that day" (July 1, 1945). The motion will be granted as to this item.

### (3) *Reports and Statements.*

Plaintiff in his moving affidavit further specifies among the documents he needs "to prepare and prosecute successfully his suit"—"the reports and statements made in the regular course of business to the defendant by the Captain, First Assistant Engineer of the 'W. C. Richardson' and the report and statement given by the plaintiff to the Third Assistant Engineer of the 'W. C. Richardson.'"

In Revheim v. Merritt-Chapman & Scott Corp., D.C., 2 F.R.D. 361, an action for personal injuries, the Court said:

"Defendant objects to item 4 of the notice calling for an inspection of the original reports of the Captain and other officers of the tug, relative to plaintiff's accident. This objection is overruled, and the plaintiff's attorneys may inspect and copy any and all reports made by the Captain or other officers of the tug to the defendant prior to the commencement of this action relative to plaintiff's accident."

This decision is cited and followed in Stark v. American Dredging Co., D.C., 3 F.R.D. 300, 302, and Eiseman v. Pennsylvania R. Co., D.C., 3 F.R.D. 338, 339.

This Court in the opinion of Knight, District Judge, in the case of Dowd, v. American S. S. Co., 5 F.Supp. 241, held:

"The statements of defendant's employees making reports relevant to the accident and submitted in the usual course of business following the accident are subject to the inspection of the plaintiff."

In addition to the last two cases, this Court cited The Dalzellace, D.C., 10 F.Supp. 434; Murphy v. N. Y. & Porto Rico S. S. Co., D.C., 27 F.Supp. 878.

Plaintiff further asks to inspect the report and statement given by him to the Third Assistant Engineer of defendant's vessel. Although he has alleged serious bodily injuries in his amended bill of particulars and has annexed to his answer to defendant's interrogatories a medical report showing that he was hospitalized, he has nowhere alleged when or where or under what circumstances he gave the report and statement or that he was under constraint or mental disability when he gave them. He should not now be permitted to inspect them. The reports and statements made in the regular course of business to the defendant by the Captain, First Assistant Engineer or Third Assistant Engineer should be sufficient to enable plaintiff "to prepare and prosecute successfully his suit."

The motion will be granted as to this item, except as to the report and statement given by plaintiff to defendant's Third Assistant Engineer and, as to them, it will be denied.

### (4) *Inspecting and Photographing Vessel.*

Plaintiff in his moving affidavit alleges that in order for him "to prepare for and safely proceed to trial, it will be necessary for him to have pictures of that part of the Steamer 'W. C. Richardson' where he was injured." The order to show cause goes further and contains the words "to

enter upon said vessel * * * for the purpose of inspecting, measuring, surveying and photographing the same." This upon "showing good cause therefor" is permitted by Rule 34(2).

Plaintiff in his moving affidavit applied to this court for an order requiring the defendant to show cause why he "should not be permitted to go aboard the Steamer 'W. C. Richardson' with his attorneys and a photographer and have pictures taken of the area on that steamer where he suffered the aforementioned injury." With this limitation his prayer should be granted. Kenealy v. Texas Co., D.C., 29 F.Supp. 502, 504.

The motion will be granted as to this item.

The motion of the plaintiff is therefore granted with respect to the above items numbered 2 and 4, with respect to the item numbered 3 concerning the reports and statements made by defendant's Captain, First Engineer or Third Assistant Engineer, but denied with respect to the item numbered 1 and the item numbered 3 insofar as this relates to the report and statement given by the plaintiff to the Third Assistant Engineer of defendant's vessel.