## MULLIGAN v. EASTERN S. S. LINES, Inc.

District Court, S. D. New York.

Nov. 22, 1946.

George J. Engelman, of New York City, for plaintiff.

Tompkins, Boal & Tompkins, of New York City (Arthur M. Boal, of New York City, of counsel), for defendant.

CAFFEY, District Judge.

In this action, brought under the Jones Act, 46 U.S.C.A. § 688, to recover for the death of plaintiff's intestate, the plaintiff moves for the following relief, viz.:

(1) for an order directing defendant to produce for examination before trial Ernest Petersen, the person intended being the chief officer of the S. S. Francis Amasa Walker on the voyage upon which plaintiff's intestate suffered injuries from which he died two days later;

(2) for an order compelling defendant to produce for inspection and copying the following books, papers, records and documents, viz.:

(a) any statements or reports made by the master, officer or any member of the crew of the vessel with respect to the accident,

(b) the medical log and any other books, papers and records pertaining to the diagnosis, care and medical treatment of the deceased during the voyage,

(c) the rough deck log of the vessel covering the voyage, and

(d) any books, papers, records or documents with respect to the repair and installation of the after port torpedo . net boom guy and all the appurtenances, appliances and attachments connected with the guy wire and into which the guy wire was fitted or secured, for the period from the date of launching the vessel to six months after the accident; and

(3) for an order permitting the plaintiff to have and make a discovery and inspection aboard the vessel of the scene of the accident, including the top of the after deck house, a stanchion rising four or five feet above the forward end of such house, the turn buckle, bottle neck screw, the port torpedo net boom, its appurtenances and appliances, the after port torpedo net boom guy wire and all appliances to which the guy wire fitted, with the right to take photographs and make measurements of the said place, appurtenances and appliances, also permitting plaintiff's attorney, a surveyor and a photographer to go aboard the vessel for the purposes aforesaid, and directing defendant or its attorneys to notify plaintiff's attorney when the vessel is in the Port of New York, and, in the alternative, if said appliances are no longer maintained aboard the vessel, directing defendant to produce for examination photographs of the same, if available, the plans and specifications of the place and appurtenances, the name of the manufacturer of the said appurtenances, the name of the builder of the vessel, the place where she was built, and the name of the contractor who installed the said appurtenances and appliances.

The order first requested must be denied. I have no power to direct defendant to produce for examination as a witness before trial one of its employees. The attendance of a witness for examination before trial can only be obtained by means of a subpœna served upon him. Rules 26, 30 and 45, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Czuprynski v. Shenango Furnace Co., D.C.W.D.N.Y., 2 F.R.D. 412, and Jensen v. Buckeye S. S. Co., D.C.W.D. N.Y., 2 F.R.D. 411.

It is only where the deposition of a corporate party is to be taken by a named officer or director that a subpœna need not be served upon the individual and that the party must produce the individual named for examination. Collins v. Wayland, 9 Cir., 139 F.2d 677, 678 (last paragraph right column), and Spaeth v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y., 1 F.R.D. 729.

The case of Fruit Growers Co-Op. v. California Pie and Baking Co., D.C.E.D.N.Y., 3 F.R.D. 206, relied upon by plaintiff, is not in point. There notices were served to take depositions of the corporate plaintiff and the court held that plaintiff must produce for such examination its officer or officers who possessed the information desired and that, if no officer or officers had such information, plaintiff should produce its employees who had such information for, the court said, such persons would then be, in reality, managing agents of plaintiff. Here, plaintiff is not proposing to take the deposition of defendant by Ernest Petersen, its chief officer, but to take the deposition of Petersen as a witness. I cannot, as suggested by plaintiff, treat the present application as one to examine defendant by its chief officer.

In the second order requested, subdivision (a) calls for the production for inspection and copying of any statements or reports with respect to the accident made by the master, officers or any members of the crew. Presumably, the application is based upon Rule 34 which authorizes the production of designated documents, not privileged, "which constitute or contain evidence material to any matter involved in the action."

The defendant claims that these statements do not constitute or contain evidence material to any matter involved in this action. It relies upon the cases of Kenealy v. Texas Co., D.C.S.D.N.Y., 29 F.Supp. 502, and Fluxgold v. United States Lines Co., D.C.S.D.N.Y., 29 F.Supp. 506, both being actions under the Jones Act, where Judge Coxe denied plaintiff's motion for the production of "all statements of fellow employees aboard the vessel as to the accident" (29 F.Supp. at page 503 right column) in the first case and, in the second case, for the production of "all statements of the captain or any other officer aboard the vessel as to the accident" (29 F.Supp. at page 506 right column). Judge Coxe said that such statements, which he understood were statements regarding their knowledge of the accident, were not evidence but at most were merely memoranda available for use at the trial and that they were without both the letter and the spirit of Rule 34.

Plaintiff relies upon the later case of Revheim v. Merritt-Chapman & Scott Corp., D.C.S.D.N.Y., 2 F.R.D. 361, seemingly also a Jones Act case, where Judge Bright overruled an objection to a notice under Rule 34 and held that plaintiff's attorneys might inspect and copy (2 F.R.D. at page 361 right colunmn near end) "any and all reports made by the Captain or other officers of the tug to the defendant prior to the commencement of this action relative to plaintiff's accident."

The production under subpoena of statements of witnesses to an accident, taken by the defendant or an insurance adjuster, but not in preparation for trial, has also been compelled by other judges in this Circuit in several cases. See Bough v. Lee, D.C.S.D.N.Y., 28 F.Supp. 673 (Leibell, J.), Price v. Levitt, D.C.E.D.N.Y., 29 F.Supp. 164 (Campbell, J.), and Colpak v. Hetterick, D.C.E.D.N.Y., 40 F.Supp. 350 (Campbell, J.).

But production of such statements obtained by the defendant or its attorney by independent investigations in preparation for trial cannot be so compelled, either under Rule 34 or by subpoena, for it would be unreasonable to permit one party to obtain by discovery the results of the preparation for trial of the other party. See McCarthy v. Palmer, D.C.E.D.N.Y., 29 F.Supp. 585, 586 (Moscowitz, J.), and Piorkowski v. Socony Vacuum Oil Co., D.C.M.D.Penn., 1 F.R.D. 407.

The production of reports and statements made in the regular course of business by officers of a vessel may be compelled. See Murphy v. New York & Porto Rico S. S. Co., D.C.S.D.N.Y., 27 F.Supp. 878 (Hulbert, J.). See also The Dalzellace, D.C.S.D.N.Y., 10 F.Supp. 434, where Judge Hulbert made a similar ruling in interpreting and applying Admiralty Rule 32, 28 U.S.C.A. following section 723, citing The President Polk, D.C.E.D.N.Y., 37 F.2d 102, where Judge Campbell compelled the production of a report to the respondent made by the engineer of the vessel about the time of the accident in the regular course of his duty, but excluded reports and statements of other officers, apparently made in preparation for trial.

No reason is apparent why statements of members of the crew made in the course of their duties should not also be produced.

■■ Rule 34, as well as all the Rules (26–37) relating to discovery, should be liberally construed. As Judge Mandelbaum said in Compagnie Continentale D'Importation v. Pacific Argentine Brazil Line, Inc., D.C.S.D.N.Y., 1 F.R.D. 388 (first full paragraph, right column, page 389), "the test of relevancy in a motion for discovery is not as strict as that which governs the admissibility of evidence upon a trial." See also Civil Aeronautics Board of Civil Aeronautics Authority v. Canadian Colonial Airways, Inc., D.C.S.D.N.Y., 41 F.Supp. 1006 (Knox, J.), and Gielow v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y., 26 F.Supp. 425 (Conger, J.). And in Beler v. Savarona Ship Corp., D.C.E.D.N.Y., 26 F.Supp. 599, Judge Moscowitz said (last two paragraphs right column):

"The requirement of materiality does not, however, compel the person seeking discovery definitely to prove materiality before being entitled to a discovery. * * *

"* * * it is sufficient that the party seeking discovery establish that it is reasonably probable that the documents sought to be examined constitute or contain material evidence."

■ Applying the foregoing principles to the case at bar, I have come to the conclusion, with all due deference to my brother judges whose opinions I greatly respect, that the ruling of Judge Coxe in the Kenealy case is contrary to the weight of authority and that I should follow the ruling of Judge Bright in the Revheim case, which is directly in point, except that it related to reports of the captain or other officers only. I do not consider that the reports as to the accident, here sought, are mere memoranda. They appear to me to be statements or reports as to the accident made as part of their duty. (Of course, if they were obtained in the course of an investigation made in preparation for trial, their production will not be ordered.) While strictly, they may not, in themselves, constitute or contain material evidence, they may become material upon cross-examination, if the defendant should put the persons who made them on the stand at the trial, a reason given in some of the cases for requiring their production. Furthermore, it should be borne in mind that this is a death case, that the deceased cannot testify as to the accident, that plaintiff is a public official who, probably, is not related to the deceased, and that he will necessarily be more or less handicapped in the preparation and trial of the action. Nor can I see how the defendant will be prejudiced by producing these statements. In matters of discovery the court is now given wide discretion and latitude to the end that speedy and efficient administration of justice may be had. I will, therefore, grant this part of plaintiff's application.

I might add that I have confined my citation of authorities to those in this Circuit. There are, however, many cases in other circuits which support the foregoing statements.

■ Subdivision (b) in the second requested order calls for the production of "the medical log and any other books, papers and records pertaining to the diagnosis, care and medical treatment of the deceased during the voyage," and subdivision (c) calls for the production of "the rough deck log of the vessel covering the voyage." Defendant does not seem to oppose these demands very seriously. Production of such logs and medical records is customarily ordered and will be ordered now. See The Dalzellace, D.C.S.D.N.Y., 10 F.Supp. 434.

■ Subdivision (d) calls for the production of "any books, papers, records or documents with respect to the repair and installation" of the alleged defective appliances and appurtenances "for the period from the date of launching the vessel to six months after the accident." This seems to be justified by the rulings of Judge Knox in The Independence Hall, 1944 A.M.C. 1269.

Defendant's argument that this request is too general and too sweeping, for whatever happened after the accident is neither relevant nor competent and is not convincing. The papers and records with respect to the repair of the alleged defective appliance may prove to be relevant as show-

ing the condition of the appliance at the time of the accident. The trial judge will be able to limit the evidence to what is relevant.

The third order requested asks for permission to plaintiff, when the vessel is next in port, to make an inspection aboard the vessel of the scene of the accident, including the alleged defective appliances and certain specified appurtenances, and to take photographs and make measurements thereof and, in the alternative, if the appliances are no longer aboard the vessel, to direct defendant to produce for examination photographs thereof, if available, the plans and specifications of the place of the accident and its appurtenances, and to furnish the names of the manufacturer of the appurtenances, of the builder of the vessel, of the place where she was built, and of the contractor who installed the appliances and appurtenances.

Granting of this requested order is justified by Gimenes v. New York & Porto Rico S. S. Co., D.C.S.D.N.Y., 37 F.2d 168, Canty v. Great Lakes Transit Corp., D.C. W.D.N.Y., 2 F.R.D. 156, and Siclana v. United States Lines Co., D.C.S.D.N.Y., 1944 A.M.C. 695; Gimenes v. New York & Porto Rico S. S. Co., D.C., 37 F.2d 167, 168. Although the alleged accident happened nearly two years ago, inspection, measuring and photographing of the scene of the accident and of the alleged defective appliances and its appurtenances may still be had, the admissibility of the measurements and the photographs to be determined by the court upon the trial. My order will provide that such inspection, etc., will be subject to the first four limitations and conditions prescribed by Judge Woolsey in the Gimenes case, 37 F.2d at page 171.

The fact that the torpedo net boom was removed from the vessel long ago, as asserted in the brief of defendant's counsel, is no objection to taking a photograph of the scene of the accident for what it may be worth. The defendant can be protected from any misleading appearance by the trial judge. Defendant's counsel does not object in his brief to the granting of the alternative relief requested in the event that the alleged defective appliances are no longer aboard the vessel and my order will provide for the granting of such alternative relief.

Plaintiff will submit an order embodying the foregoing conclusions on five days' notice to defendant's attorneys.