**VIRONT v. WHEELING & LAKE ERIE RY. CO.**

**LARSON v. WHEELING & LAKE ERIE RY. CO.**

**Civ. Nos. 25964, 25998.**

United States District Court
N. D. Ohio, E. D.
Jan. 9, 1950.

A. H. Dudnik, Cleveland, Ohio, for plaintiffs.

John Duncan, Perry L. Graham, M. B. & H. H. Johnson, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

In these two cases plaintiffs move the court for an order under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A., requiring defendant to permit the plaintiffs to inspect and copy the following documents:

1. *Statements of the plaintiff, whether signed or unsigned.

2. Statement of the employee witnesses and of all employees of the defendant from whom statements were taken by the defendant relative to the accident and injuries sustained by the plaintiff, etc.

The motions further state: "The defendant has the possession, custody and control of each of the foregoing documents and each of them constitutes or contains evidence relevant to the matter involved in this action as more fully set forth in Exhibits 'A', 'B' and 'C' hereto attached."

■ I think the motions must and will be sustained. The statements sought are not the "work product of the lawyer" and hence privileged from discovery under the Federal Rules of Civil Procedure. Hickman v. Taylor, 329 U.S. 495, 500, 67 S.Ct. 385, 388, 91 L.Ed. 451.

■ Defendant contends that the plaintiffs have not made a showing of "good cause" as required by Rule 34; and that "there is no claim made that plaintiff does not know who the members of the crew are with whom he was working at the time of the accident." But the plaintiffs say "that said employees are forbidden by the Rules of the defendant from giving statements or information regarding accidents to the plaintiff or a representative of the plaintiff by reason of the following Rules promulgated by the defendant:

"1. Personal injuries occurring on or about Trains or Engines must be immediately reported by wire to Superintendent of Transportation, Claim Department and Train Master, giving brief but full particulars, name of party injured, residence, etc. Form 2121 J must be made in triplicate, original sent to the Claim Department and copies to Superintendent of Transportation and Trainmaster."

"2. When an accident occurs involving personal injury or damage to property, a prompt report must be made to proper authority *and no information to be given by employees concerning the accident, except to duly authorized officers or representatives of the Company.*" (Italics added.)

(Affidavit, Exhibit "B", attached to motions.)

The language of Mr. Justice Jackson in Hickman v. Taylor, supra, seems pertinent here. "The question remains as to signed statements or those written by witnesses. Such statements are not evidence for the defendant. * * * Nor should I think they ordinarily could be evidence for the plaintiff. But such a statement might be useful for impeachment of the witness who signed it, if he is called and if he departs from the statement. There might be circumstances, too, where impossibility or difficulty of access to the witness or his refusal to respond to requests for information or other facts would show that the interests of justice require that such statements be made available. Production of such statements are (sic) governed by Rule 34 and on 'Showing good cause therefor' the court may order their inspection, copying or photographing. No such applica-

tion has here been made; the demand is made on the basis of right, not on showing of cause." 329 U.S. page 519, 67 S.Ct. page 397.

Under this view of the matter, the requisite necessity and justification for granting the orders sought in these two cases have been shown.

For holdings in this court under Rule 34, see Lindsay v. Prince, D.C.N.D.Ohio 1948, 8 F.R.D. 233, Western Division, Kloeb, J. In this case there was a motion by the defendant for production of statements taken by the plaintiff under Rule 34, which was granted.

Hayman v. Pullman Co., D.C.N.D.Ohio 1948, 8 F.R.D. 238, 240, Freed, J. True, in this case the statements were sought to be obtained under Rule 33, but in overruling the objection to the interrogatory the court said: "The final objection to the effect that the plaintiff should resort to a motion under Rule 34 to obtain the desired information rather than to have it divulged under Rule 33, if sustained, would circumvent the very aim and purpose of the rule. Admittedly plaintiff could first ask in the interrogatory whether the statements requested are in defendant's possession and then proceed to file a motion to produce them. That method, however, would only serve to delay the ultimate result."

The defendant points out that in the cases cited by the plaintiffs, the names and whereabouts of the witnesses from whom statements were taken, were peculiarly within the knowledge of the party taking the statements and that such is not the situation in the instant cases. But here, as I think, the rule of the company forbidding the giving of statements or information to any one except authorized officers or representatives of the Company creates a comparable difficulty.

In Berger v. Central Vermont Ry., Inc., D.C., 8 F.R.D. 419, cited by defendant, the statements in question were not taken in the usual course of business, nor as the result of a railroad rule, but were taken at the instigation of general counsel for defendant. In the cases at bar it would appear that the statements in question were taken in the usual course of business, see Sec. 1 of the Rule, supra, and as the result of a railroad rule.

In Reeves v. Pennsylvania R. Co., D.C., 8 F.R.D. 616, 619, cited by defendant, the statements obtained were prepared in relation to an intended action, with a bona fide intention of laying them before the solicitor for the purpose of taking his advice, and were held to be privileged by the decisional law of Delaware. There is no claim that the statements in the cases at bar are privileged under any state law. Reeves v. Pennsylvania R. Co. was a "diversity of citizenship" case; the cases at bar were filed in this court.

Mulligan v. Eastern S. S. Lines, D.C., 6 F.R.D. 601, 604, syl. 3, cited by defendant, would seem to support its contention. But in the opinion, Judge Caffey says: (4) "The production of reports and statements made in the regular course of business by officers of a vessel may be compelled. See Murphy v. New York & Porto Rico S. S. Co., D.C.S.D.N.Y., 27 F.Supp. 878 (Hurlburt, J.) See also The Dalzellace, D.C.S.D.N.Y., 10 F.Supp. 434, where Judge Hurlburt made a similar ruling in interpreting and applying Admiralty Rule 32 * * * citing The President Polk, D.C. E.D.N.Y., 37 F.2d 102, where Judge Campbell compelled the production of a report to the respondent made by the engineer of the vessel about the time of the accident in the regular course of his duty, but excluded reports and statements of other officers, apparently made in preparation for trial.

No reason is apparent why statements of members of the crew made in the course of their duties should not also be produced."

Excerpts from various holdings have been set out more extensively than ordinarily is my practice, for the reason that these questions are somewhat difficult, as well as burdensome to resolve. The Rules of Civil Procedure designed to simplify practice and procedure in the Federal District Courts have been the subject of more interpretive legal literature than almost any branch of the law during my judicial tenure; and more particularly did the case of Hickman v. Taylor account for a large part of it,—a veritable Pandora's Box!