William F. CARLSON, Plaintiff,

v.

CHISHOLM–MOORE HOIST CORPORATION, Defendant.

United States District Court
S. D. New York.

Nov. 15, 1957.

Silas B. Axtell, New York City, for plaintiff.

Galli & Locker, New York City, Edmund J. Fanning, New York City, of counsel, for defendant.

LEVET, District Judge.

This is a motion by plaintiff for discovery and inspection pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The action was brought to recover $100,000 in damages for injuries alleged to have been sustained by plaintiff on April 20, 1950, due to the defective condition of a chain hoist manufactured by defendant. Defendant had relinquished possession and control over the hoist in May 1949, and at the time of the accident the hoist was apparently owned, operated and controlled by the Austin Company, plaintiff's employer. In December 1950, the hoist was returned to the defendant for testing and inspection, and certain parts were replaced.

■ Plaintiff seeks to compel defendant to produce for inspection the parts of the hoist which it removed. Defendant argues that such inspection would be irrelevant and immaterial since the repairs were made seven or eight months after the accident. In my opinion, this contention lacks merit.

In Canty v. Great Lakes Transit Corporation, D.C.W.D.N.Y.1941, 2 F.R.D. 156, the plaintiff was permitted to inspect the vessel on which he was injured though more than two years had elapsed since the accident. The following language in Judge Knight's opinion seems pertinent to the instant motion:

"Defendant objects to allowing plaintiff an inspection and right to photograph certain portions of the vessel on the ground that more than two years have passed since the occurrence of the alleged accident. The court is not now passing on the admissibility of any evidence that

may be obtained if the inspection and photographing were allowed. The court is only to determine the right of the plaintiff to make an inspection and to take photographs of relevant objects of property within the control of the defendant. Rule 34 should be liberally construed and motion is granted allowing plaintiff to inspect and photograph that portion of the vessel where plaintiff is alleged to have been injured." (at page 156)

■ Defendant's objection to the production of its reports and memoranda relating to the repair of the hoist is equally without merit. See Mulligan v. Eastern S.S. Lines, D.C.S.D.N.Y.1946, 6 F.R.D. 601, wherein Judge Caffey stated:

"Defendant's argument that this request is too general and too sweeping, for whatever happened after the accident is neither relevant nor competent and is not convincing. The papers and records with respect to the repair of the alleged defective appliance may prove to be relevant as showing the condition of the appliance at the time of the accident. The trial judge will be able to limit the evidence to what is relevant." (at pages 605–606)

Similarly, defendant's objection to the production of its correspondence and reports relating to the accident appears to be unjustified.

Accordingly, plaintiff's motion is granted as follows:

Defendant is required to produce for inspection at the office of its attorneys, Galli & Locker, 80 John Street, New York, N. Y., on December 2, 1957:

1. All parts removed by it from the chain hoist involved in this action, including, but not limited to, the friction washers, the lift wheel and the load chain link;

2. Defendant's correspondence with the Austin Company relating to the accident;

3. Reports, if any, received by defendant from its agent in Texas concerning the accident;

4. Returned goods notice No. 54427, December 14, 1950, and any notes or writings annexed thereto;

5. All notes and memoranda relating to the testing and repair of the hoist by defendant and its agents during the period from December 1950 to July 1951.

So ordered.