## THE HAZEL S.

## THE NEW YORK CENTRAL NO. 18.

## OLSON v. NEW YORK CENT. R. CO.
### No. 15745.

District Court, E. D. New York.
Jan. 15, 1940.

Crowell & Rouse, of New York City (George L. Varian, of New York City, of counsel), for libelant.

Jacob Aronson, of New York City (K. O. Mott-Smith, of New York City, of counsel), for claimant.

MOSCOWITZ, District Judge.

This is a motion by the libelant for an order directing the claimant, the New York Central Railroad Company, to produce certain statements obtained by the claimant, prior to the commencement of this suit, from certain members of the crew of libelant's vessel "Hazel S." Copies of the statements in question were not delivered to the libelant nor to any of the members of his crew who signed them. By this motion under Supreme Court Admiralty Rule 32, 28 U.S.C.A. following section 723, libelant seeks to protect himself against alleged surprise which might arise from the use of the statements on cross-examination of libelant's witnesses.

There can be no doubt that Rule 32 was intended to allow full freedom of discovery before trial so that each party might come to the trial of an action with a full appreciation of the full facts underlying the action. Generally, liberally granted discovery is an effective means of achieving such an end. In this instance, however, it must be noted that libelant by his motion for discovery seeks to examine statements taken from his own witnesses. He makes no claim that he is unable to secure statements from them on his own part, but limits his contention to the claim that it is vital to the avoidance of surprise at the trial that he be apprised of the contents of these statements.

Obviously a refusal to permit the libelant to examine these statements will not prejudice him in securing a full statement of the circumstances surrounding the accident, for the witnesses are his own employees whom he may interrogate over and over again. The only reason for examining the statements in the hands of claimant would be to ascertain the existence, if any, of inconsistencies or contradictions between those statements of his witnesses and the testimony to be given at the trial by them.

While it is to be expected that all the witnesses will testify fully and truthfully, the possession by the claimant of information, the bounds of which are unknown to the libelant, may have the effect of tempering the zeal of the interested employee, who without conscious effort on his part occasionally, however well-intentioned, tends to color the facts in his employer's favor, particularly as the true color of the facts dims with the passage of time. Under the circumstances of this case therefore, and in the discretion of the Court, the motion is denied.

Settle order on notice.