**CREDEN et al. v. CENTRAL R. CO. OF NEW JERSEY.**

No. 653.

District Court, E. D. New York.

Jan. 24, 1940.

Richard M. Cantor, of New York City, for plaintiffs.

Charles E. Miller, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion by the defendant, in a personal injury action, to vacate or modi-

fy interrogatories propounded to the defendant by the plaintiffs under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ Interrogatories 1, 2 and 3 deal with the time of the report to the defendant of the accident and by whom and to whom made. As such they deal with important background which may bear upon, among other things, the bona fides of plaintiffs' claim. They are relevant and are allowed.

■ Interrogatories 4, 5 and 7 seek to ascertain the names of eyewitnesses to the accident and are allowed as clearly relevant. Interrogatory 6 inquires as to the names of defendant's employees who were present but who did not see the accident. This is relevant to the question of possible negligence of defendant's employees in failing to observe and assist passengers alighting from trains, if their duties so required them. It is allowed.

■ Interrogatory 8 asks for the substance of statements made by witnesses and employees of the defendant to the defendant. In absence of any showing why plaintiffs cannot secure this information from the witnesses themselves by deposition or otherwise, there is no reason to permit plaintiffs to avail themselves of defendant's preparation of its case. See McCarthy v. Palmer, D.C., 29 F.Supp. 585, 586. The interrogatory is disallowed.

■ Interrogatories 9, 10, 11 and 12 are also disallowed for the reasons given in Olson v. New York Central Railroad Company, D.C., 31 F.Supp. 745, January 15, 1940. Interrogatory 33 falls within the same general category. Interrogatory 13, which seeks the name of the person who took the statement from plaintiffs, is allowed as possibly affording information not within plaintiffs' knowledge which will be important to them if plaintiffs' statements to defendant are used to impeach them as witnesses.

■ Interrogatories 27, 28 and 29 dealing with similar equipment and accidents are clearly relevant. They are allowed.

No objection is raised to any of the other interrogatories and they, too, are allowed.

Settle order on notice.