## CONNEWAY v. CITY OF NEW YORK.
### Civ. No. 670.

District Court, E. D. New York.
March 6, 1940.

Thomas J. O'Neill, of New York City (Edward F. Cavanagh, Jr., of New York City, of counsel), for plaintiff.

William C. Chanler, Corporation Counsel, of New York City (Alfred T. White, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This motion is made to examine the City of New York by its Commissioner of Docks or other employee having knowledge of the facts. The action is one to recover damages for death alleged to have resulted from personal injuries sustained by plaintiff's intestate at the North Beach Airport.

The City opposes the examination on the ground that as a civil division of the sovereign State of New York, it is immune from examination before trial. In support of this contention, reference is made to the doctrine that a sovereign cannot be sued without its consent, and that numerous decisions in the State courts have denied the privilege of examining the City.

Rule 26 et seq. of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, under which this examination is sought, contains no language excluding municipalities or any other governmental units from the operation of these sections. While a sovereign may have the power to exempt itself from suit, once it has consented thereto without any express limitation, it subjects itself at the same time to the procedural rules of the forum in which it litigates. State decisions interpreting state statutes with respect to depositions and discovery can have little value in the interpretation to be given a federal rule. The question here presented is not without precedent for in Joy Manufacturing Co. v. City of New York, D.C., 30 F.Supp. 403, just such an examination was permitted.

If the City feels it should be exempt from examinations before trial, its application should be to the Congress, or the United States Supreme Court which promulgated these Rules. Until such time its relief in cases of hardship should be by application under Rule 30 (b) and (d).

The depositions may be taken as to all matters save the following: "3. (g) Any and all reports made by engineers, architects, inspectors, or other employees of the Dock Department to the Dock Commissioner referring to the accident which occurred on November 14, 1938, and in which the plaintiff's deceased husband met his death." See McCarthy v. Palmer, D.C., 29 F.Supp. 585; also, see Creden v. Central Railroad Company of New Jersey, D.C.E.D.N.Y., January 24, 1940, 1 F.R.D. 168, and Gitto v. "Italia", Società Anonima Di Navigazióne, Genova, D.C.E.D.N.Y., February 15, 1940, 31 F. Supp. 567.