**PIORKOWSKI v. SOCONY VACUUM OIL CO.**

No. 455 Civil.

District Court, M. D. Pennsylvania.

Oct. 18, 1940.

Louis A. Fine, of Honesdale, Pa., for plaintiff.

[1] No opinion for publication.

408

Philip V. Mattes, of Scranton, Pa., for defendant.

WATSON, District Judge.

This case is before the Court for determination of a motion for discovery under Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

At the oral argument, it was agreed by counsel that the motion should be granted as to requests contained in all of the paragraphs with the exception of paragraph five.

Paragraph five reads as follows: "5. That your petitioner has been informed that the defendant has in its possession written statements signed by Stanley Ludcavage, William Mahelts and Stanley Zwehorosky who are alleged to have some knowledge pertaining to the issues in this case."

The plaintiff's motion, confusingly labeled a petition (see Rule 7(b) fails to disclose any information concerning the nature of the contents of the written statements which plaintiff desires to have produced, nor does the plaintiff state by whom or where it is alleged that the persons named in paragraph five "have some knowledge pertaining to the issues in this case." Rule 34 requires that cause must be shown before an order for production will be made. In this case, the plaintiff has failed to show that the documents desired will in any way aid him in the preparation of his case, or that there is reasonable cause for believing that the contents of the documents concern this case.

However, at the oral argument counsel tacitly admitted that the statements in question do concern this case and were obtained by the defendant in the course of its preparation for trial. While the courts have made every effort to construe the rules for discovery as liberally as possible in order to permit all parties to obtain a full disclosure of the facts pertaining to the case, there have been established certain necessary limitations of the exercise of discovery powers. One of these limitations prevents the securing by one party of the results of the preparation for trial of another party. As was stated in McCarthy v. Palmer et al., D.C., 29 F. Supp. 585, 586: "While the Rules of Civil Procedure were designed to permit liberal examination and discovery, they were not intended to be made the vehicle through which one litigant could make use of his opponent's preparation of his case. To use them in such a manner would penalize the diligent and place a premium on laziness. It is fair to assume that, except in the most unusual circumstances, no such result was intended." See also Creden et al. v. Central R. Co. of New Jersey, D.C., 1 F.R.D. 168; Byers Theaters, Inc. v. Murphy, D.C., 1 F.R.D. 286, 289; The Hazel S., D.C., 31 F.Supp. 745.

It is ordered that the requests contained in paragraphs 1, 2, 3, and 4 of plaintiff's motion filed October 15, 1940 are granted, and those in paragraph 5 are refused.