## THIEL v. SOUTHERN PAC. CO.
### No. 11802.

Circuit Court of Appeals, Ninth Circuit.
June 21, 1948.

Rehearing Denied July 15, 1948.
Writ of Certiorari Denied Nov. 22, 1948.
See 69 S.Ct. 162.

See also 159 F.2d 61.

Allen Spivock and Philander Brooks Beadle, both of San Francisco, Cal., for appellant.

Arthur B. Dunne and Dunne & Dunne, all of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

On December 30, 1940, appellant, Gilbert E. Thiel, a citizen of California, brought an action against appellee, Southern Pacific Company, a Kentucky corporation, for damages in the sum of $250,000 for personal injuries sustained by appellant and alleged to have been caused by appellee's negligence. The action was brought in a State court of California, but, on petition of appellee, was removed from that court to the District Court of the United States for the Northern District of California. There appellee answered on February 24, 1941. The answer denied that appellant's injuries were caused by appellee's negligence. and, as a separate defense, alleged that they were caused and contributed to by appellant's negligence.

On March 5, 1941, 74 interrogatories were served by appellant on appellee pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The interrogatories were answered on behalf of appellee by officers or employees of appellee, as follows: Interrogatories 1-21 were answered by Otto Sorenson; interrogatories 26-49, 51-53, 65,

66, 71, 73 and 74 were answered by Frank E. Cosgrove; interrogatories 54-63 were answered by Christopher W. Wogan; and interrogatories 22-25, 50, 64, 67-70 and 72 were answered by other officers or employees of appellee.

On May 5, 1941, appellant moved the District Court to remand the action to the State court. The motion was denied. Thereafter appellant attempted to prosecute the action in the State court. Appellee obtained a judgment enjoining such prosecution. That judgment was affirmed by us on March 20, 1942.[1] Certiorari to review its affirmance was denied on June 1, 1942.[2]

On November 19, 1942, appellant amended his complaint by adding thereto a paragraph which alleged that appellant's injuries were aggravated by appellee's negligence. This allegation was denied by appellee.

Thereafter, in November, 1942, there was a trial resulting in a verdict and judgment for appellee. That judgment was affirmed by us on May 15, 1945.[3] The Supreme Court granted certiorari[4] and on May 20, 1946, reversed our judgment and remanded the case to the District Court for a new trial.[5]

On June 6, 1946, a jury panel was drawn in the District Court. On August 12, 1946, appellant moved the court to strike out the panel. The motion was denied.[6]

On September 10, 1946, appellant moved the court to require appellee to produce, for appellant's inspection, statements and reports said to have been made to appellee by employees of appellee. The motion was denied.[7]

The new trial ordered by the Supreme Court began on September 10, 1946, and ended on September 24, 1946. At that trial,

appellant read to the jury Sorenson's answers to interrogatories 1, 2, 4, 6-8, 20 and 21, Cosgrove's answers to interrogatories 29, 30, 33, 36 39-43, 45, 46, 48, 51-53, 65, 71, 73 and 74 and Wogan's answers to interrogatories 54-58 and 63, after which appellee was permitted to read to the jury Sorenson's answers to interrogatories 9-18, Cosgrove's answers to interrogatories 31, 32, 34, 35, 37, 38 and 66 and Wogan's answers to interrogatories 59-62. Photographs of appellant's injuries were offered in evidence by appellant and were rejected. Permission to exhibit his injuries to the jury was requested by appellant and was refused. At the close of all the evidence, a motion for a directed verdict was made by appellant and was denied. Instructions to the jury were requested by both parties. Some of those requested by appellee were given. Some of those requested by appellant were refused. The jury returned a verdict for appellee, and judgment was entered thereon. From that judgment this appeal is prosecuted.[8]

Appellant specifies as error the denial of his motion to strike out the jury panel and the denial of his motion to require appellee to produce, for his inspection, the above mentioned statements and reports. On the grounds and for the reasons stated in the District Court's opinions (67 F.Supp. 934 and 6 F.R.D. 219), we hold that these motions were properly denied.

Appellant specifies as error the ruling which permitted appellee to read to the jury Sorenson's answers to interrogatories 9-18, Cosgrove's answers to interrogatories 31, 32, 34, 35, 37, 38 and 66 and Wogan's answers to interrogatories 59-62. We do not think that it was error to permit such reading. If error, it was harmless for the following reasons: At the trial in 1942,

[1] Thiel v. Southern Pac. Co., 9 Cir., 126 F.2d 710.

[2] Id., 316 U.S. 698, 62 S.Ct. 1295, 86 L. Ed. 1767.

[3] Id., 9 Cir., 149 F.2d 783.

[4] Id., 326 U.S. 716, 66 S.Ct. 472, 90 L. Ed. 423.

[5] Id., 328 U.S. 217, 66 S.Ct. 984, 90 L. Ed. 1181, 166 A.L.R. 1412.

[6] Id., D.C.N.D.Cal., 67 F.Supp. 934.

[7] Id., D.C.N.D.Cal., 6 F.R.D. 219.

[8] The judgment was entered on September 24, 1946. A motion for a new trial was denied on October 28, 1946. Leave to prosecute an appeal in forma pauperis was granted (9 Cir., 159 F.2d 61) on December 28, 1946. The appeal was taken on January 6, 1947. The record on appeal was filed in this court on December 1, 1947. Appellant's brief was filed on February 3, 1948. Appellee's brief was filed on April 7, 1948. The appeal was heard on May 7, 1948.

Sorenson, Cosgrove and Wogan testified as witnesses for appellee and were cross-examined by appellant. At the trial in 1946, Sorenson and Wogan testified as witnesses for appellee and were cross-examined by appellant. Cosgrove having died, his testimony at the 1942 trial was read at the 1946 trial. Sorenson, Cosgrove and Wogan said in their testimony all that was said in the answers read by appellee. Hence such reading did not prejudice appellant.[9]

■ Appellant specifies as error the rejection of the photographs offered in evidence by him and the refusal of permission to exhibit his injuries to the jury. Appellant admittedly was not prejudiced by these rulings.[10] Hence these specifications need not be considered.

■ Appellant specifies as error the denial of his motion for a directed verdict. The denial was proper for the following reasons: The principal issues were whether appellant's injuries were caused or aggravated by appellee's negligence and whether they were caused or contributed to by appellant's negligence. On these and other issues, the evidence was conflicting. The conflicts were for the jury, not the court, to resolve.

■ Appellant specifies as error instructions given the jury and the refusal of instructions requested by appellant. These specifications do not, as required by our Rule 20(2d), "set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused, together with the grounds of the objections urged at the trial". Hence these specifications need not be considered. However, we have considered them and find no merit in them.

Judgment affirmed.

HEALY, Circuit Judge (concurring).

The point mainly stressed by appellant was the denial of his motion to strike the jury panel and to direct the selection of a new panel "which will be a fair cross section of the community." The denial, he argues, runs counter to Supreme Court holdings.

In ruling on the motion the trial judge reviewed at length the evidence disclosing the procedure followed in making up the panel. Thiel v. Southern Pacific Co., D.C., 67 F.Supp. 934. It is probably open to debate whether the practice squares in all respects with the views expressed by the Court in the opinion reversing the earlier judgment, Thiel v. Southern Pacific Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181, 166 A.L.R. 1412. Cf. also Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181. The trial judge thought it did. Obviously any method devised in an effort to obtain a fairly representative group of jurors will be open to criticism, for it is not possible even to approximate perfection along this line. Persons qualified and available for jury service do not readily yield to classification in a society so fluid as ours. They cannot be neatly pigeonholed like specimens of rock or mineral. Most people, on close inquiry, are found to be classifiable logically in more than one group, and it is only in the case of color, and perhaps creed, that strict lines can be drawn.

Like my associates, I am content to rest decision of the point on the trial judge's review of the evidence as to the procedure adopted. If a conscious effort is to be made to obtain a representative cross-section of the community on the basis of such information as is available in telephone books, city directories and the like, I suppose the method employed is as fair as any so long as no particular group as a whole is systematically excluded, and no claim of that kind can be asserted here. It is doubtless true that the percentages used do not accurately reflect census figures, but a good faith effort appears to have been made to give substantial representation to both sexes and to all racial and economic groups. Cf. Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043.

---

[9] The answers read by appellee at the 1946 trial were read by appellant at the 1942 trial. Evidently appellant did not then consider such reading prejudicial.

[10] Appellant's brief so states.