**REEVES v. The PENNSYLVANIA R. CO.**

Civil Action No. 1129.

United States District Court
D. Delaware.

Jan. 20, 1949.

See also 80 F.Supp. 107.

James R. Morford (Marvel & Morford), of Wilmington, Del., for plaintiff.

James L. Latchum and William S. Potter (Southerland, Berl & Potter), both of Wilmington, Del., for defendant.

RODNEY, District Judge.

This suit was instituted to recover damages for an alleged injury sustained by plaintiff while riding as a passenger on a train of defendant and occurring as a result of the alleged negligent operation of the train by the agents of the defendant. The suit was removed to this court from the Superior Court of the State of Delaware for New Castle County, and jurisdiction here is based upon diversity of citizenship.

Subsequent to removal defendant disclosed the names and addresses of some eighteen persons, including plaintiff, from whom written or oral statements had been obtained on defendant's behalf in connection with the allegations of the complaint concerning the operation of defendant's train at the pertinent time and place. Defendant also named the persons who obtained the statements and disclosed that the statements are now in the possession, custody and control of defendant's attorneys. This information was given by defendant pursuant to interrogatories served upon it by plaintiff under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A.

Subsequent to defendant's answers to plaintiff's interrogatories as above indicated, plaintiff moved this court under Rule 34 for an order requiring defendant to produce all of the statements except plaintiff's own and to permit plaintiff to inspect and copy all of such statements. Defendant then moved the court to vacate and set aside plaintiff's motion for production on the ground that the statements are privileged and, therefore, do not have to be produced under Rule 34. In support of defendant's motion to vacate there was filed the affidavit of an agent of defendant deposing that the statements were obtained on defendant's behalf after suit had been threatened and for the primary purpose and with the bona fide intention of being laid before defendant's legal advisers for their guidance in impending litigation which materialized in the form of this suit.

█ It is clear that privileged matters need not be produced under Rule 34. The said rule provides for production, inspection and copying "of any designated documents, papers, books, * * * *not privileged* * * *"* (emphasis supplied). Plaintiff concedes that if the statements in question are privileged the defendant need not produce them. Plaintiff's reliance is upon her contention that the statements are not privileged within the meaning of that term in the rule.

Defendant urges, and plaintiff concedes, insofar as this motion is concerned, that the question of what is privileged matter under Rule 34 in a diversity case is governed by the statutory and decisional law of the state in which the federal court is sitting. This court, therefore, assumes for the purpose of the present motions, and without passing upon the point, that Delaware law controls the determination of whether the statements in question are privileged.

Defendant contends that the case of Wise v. Western Union Telegraph Co., 1935, 6 W.W.Harr. 456, 178 A. 640,[1] constitutes the applicable Delaware authority on the question whether or not statements such as we have here are privileged. Defendant urges that under the ruling in the Wise case, the statements in question are privileged and do not have to be produced.

Plaintiff contends that the statements are not privileged even under the Wise doctrine and that at any rate such doctrine has been broadened by the adoption in the State of Delaware of the new Superior Court Rules,[2] which are substantially identical

---

[1] See Annotation 146 A.L.R. 980, 988. [2] Effective January 1, 1948.

618

with the Federal Rules of Civil Procedure. The resultant effect of the new Superior Court Rules, argues plaintiff, is to make applicable in Delaware the principles announced in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

Defendant argues that Hickman v. Taylor is inapplicable because it was not a diversity case wherein the Erie doctrine would have forced the court to follow state law on the question of privilege.

Plaintiff has conceded, insofar as this motion is concerned, that Delaware law determines whether or not the statements in question are privileged. The Delaware law prior to the effective date of the new Superior Court Rules in Delaware was as pronounced by the Wise case. The court there stated that: "Documents prepared in relation to an intended action, whether at the request of the solicitor or not, and whether ultimately laid before the solicitor or not, are privileged if prepared with a bona fide intention of being laid before him for the purpose of taking his advice; and an inspection of such documents cannot be enforced." 178 A. 640, 644.[3]

If the Wise case is still the controlling Delaware law on the question of what constitutes privileged matter, then it seems clear that the statements here sought are privileged and need not be produced.

I see nothing in the adoption of the new Superior Court Rules in Delaware, which Rules, insofar as we are concerned upon these motions, are identical with the Federal Rules of Civil Procedure, to warrant a holding that the rule of the Wise case has been changed thereby. Rule 34 of the Superior Court Rules of the State of Delaware, like Rule 34 of the Federal Rules of Civil Procedure, provides that under proper circumstances the court may order any party to produce and permit the inspection and copying and photographing of documents, papers, etc. "not privileged."

Under the Wise doctrine, the statements in question are privileged. The court in that case was not interpreting any Delaware statute on privilege, the only Dela-

ware statute[4] involved there being one permitting a party to obtain production under certain circumstances. No mention of privilege is made in the particular statute, but the defendant in the Wise case objected to the plaintiff's request for production on the ground that the matters sought were privileged. The court invoked the general law of privilege and was in no way enforcing any Delaware statutory pronouncement of privilege. The Delaware statute involved in the Wise case, insofar as this court is concerned on these motions, merely provides a procedural basis for production; it does not refer to or contain any provision as to privileged matter not being required.

█ It is true that the Delaware statute authorizing the production of books or writings containing "evidence pertinent to the issue" is much more limited than the discovery process under the Federal Rules of Civil Procedure. Rules 34 and 26(b) of such Federal Rules have been adopted in their exact language and numeration for use by the Superior Court of Delaware. Under these rules all that is necessary for relevancy is that the matter sought appears to be reasonably calculated to lead to the discovery of admissible evidence.

I am not now confronted with any question of relevancy or materiality. The question is solely whether the statements sought are privileged.

The Delaware statute made no provision as to privilege. Rule 34 of the new Superior Court Rules, like the analogous federal rule, specifically provides that privileged matter need not be produced. There is nothing to indicate that the federal rule changed the scope of privilege under federal law, and likewise nothing indicates that the new Delaware rule changed the theretofore existing Delaware law of privilege. It may be that the scope of privilege under Delaware law is broader than under federal law, but nothing in the new rules leads me to believe that the mere adoption in Delaware of the new Rule 34 changed such scope.

---

[3] The actual holding of the Wise case permitted production because there had been no factual showing of a bona fide intention to lay the document before defendant's counsel.

[4] Rev.Code of Del.1915, § 4228, Rev. Code of Del.1935, § 4703.

 Where Rule 34 of the new Superior Court Rules of Delaware excludes privileged matter from the discovery process and nothing in said rule or any other rule indicates that the decisional law of Delaware on privilege is changed thereby, I am of the opinion that such decisional law is operative in determining whether or not specified material is privileged. It follows that the rule of the Wise case is the controlling Delaware authority, and since the statements in question are privileged under that rule they need not be produced.

The case presents the anomalous feature that certain applications of discovery process may be available under Hickman v. Taylor in cases arising under the general federal jurisdiction of a district court, and may not be available in cases arising solely by reason of diversity of citizenship. This result is accomplished by reason of the fact that the law of privilege as applied to communications or documents may not be uniform in the federal jurisdiction and under the law of the several states, and the law of the several states must be applied if Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, is applicable. For the purpose of the present motion the relevancy of Erie v. Tompkins and the consequent application of the Delaware law of privilege is conceded and assumed.

 Equally material to the disposition of the present motions and entirely irrespective of the question of privilege is the contention of the defendant that the plaintiff has not shown any "good cause" necessary to justify the court in ordering production of the documents. Defendant contends that it has given the plaintiff the names and addresses of all persons who made the statements in question and, for all that appears, such persons are now as available to plaintiff as they were to the defendant. Rule 34 of the Federal Rules of Civil Procedure provides that upon motion of a party showing "good cause therefor" the court may grant certain discovery proceedings. The rule contemplates the showing of "good cause" for the production of documents and not merely the relevancy of particular papers. Relevancy has to do with the content of the desired documents. The "good cause" mentioned in the rule has not to do with the content of the documents, but with the reasons for calling upon an opposing party for the production of relevant material. The discovery procedure of the Federal Rules is only concerned with the production or availability of relevant matter. It is not concerned with irrelevant or immaterial matter. When the Rules provide that documents may be ordered to be produced upon a showing of good cause for the production it is implicit that only relevant documents are affected. In addition to the relevancy, good cause for the production should be shown. It has been held that the rule contemplates an exercise of judgment by the court, not a mere automatic granting of a motion, and the moving party must demonstrate a need for the documents sought. Martin v. Capital Transit Co., D.C., Cir., 1948, 170 F.2d 811; Sutherland Paper Co. v. Grant Paper Box Co., D.C.Pa. 1948, 8 F.R.D. 416; Marzo v. Moore-McCormack Lines, D.C., 7 F.R.D. 378; Wild v. Payson, D.C., 7 F.R.D. 495. The fact that the witnesses are in another state is not in itself "good cause" for permitting production. Berger v. Central Vermont Ry., Inc., D.C.Mass., 1948, 8 F.R.D. 419.

In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, the court, while primarily concerned with the relationship of attorney and client, did elaborately consider the availability of the testimony to the moving party and the lack of necessity in granting the discovery.

In the present case the names and addresses are given of all persons who have made statements of the facts of the accident. There is no showing that these persons are not readily available to the plaintiff or that any cause exists for the production of the statements obtained by the agents of the defendant.

 While the evident purpose of the rules requires a liberality of construction as to the "good cause" assigned for the production of documents, yet unless the rule contemplates the automatic granting of a motion to produce documents without any affirmative showing of any good cause

620

therefor, the present motion for production must be denied. Under the authorities, I think the motion must be denied.