## DULANSKY et al. v. IOWA–ILLINOIS GAS & ELECTRIC CO. et al.

No. 1–15.

United States District Court
S. D. Iowa, Davenport Division.

Feb. 21, 1950.

Wayne G. Cook, Walter A. Newport, Jr., Donald A. Wine, of Newport, Bybee & Wine, Davenport, Iowa, for the plaintiffs.

Lane & Waterman, Davenport, Iowa, for the defendant.

SWITZER, District Judge.

In the above entitled action, there came on for hearing in open court at Des Moines, Iowa, on February 3, 1950, a motion by the plaintiffs to require the defendant, Iowa-Illinois Gas and Electric Company, to produce certain documents under Rule 34 of the Rules of Civil Procedure, 28 U.S. C.A., and the same was argued and submitted by written briefs by the attorneys for the plaintiffs and for the defendant; and the court having examined the pleadings and the briefs, and being advised, finds:

That the main action here is one for damages by reason of the claimed negligence of the driver of a bus owned and operated by the defendant, in colliding with and striking Gary Dulansky, the ten year old

son of plaintiffs, inflicting injuries to said child from which he died on December 1, 1948.

Plaintiffs first presented interrogatories upon the defendant under Rule 33 wherein, among other questions, Interrogatory No. 6 asked—"Whether or not the driver of the bus, Mr. Leonard W. Hughes, made any written report or reports concerning this accident to the defendant herein or its agents? If so, in whose possession are the report or reports?"

To this interrogatory No. 6, defendant, through its claim agent, Mr. L. J. Moeller, replied—"Mr. Leonard W. Hughes, the driver of the bus, has made a written report concerning this accident to the defendant herein. This report is in the possession of the defendant."

Thereupon plaintiffs filed their motion under Rule 34 requesting an order of the Court to compel the defendant to produce for inspection and copy—

(1) the written report made by Mr. Hughes, the bus driver, referred to in answer to a previous Interrogatory (No. 6) thereon; and

(2) all reports and written memoranda made by any officer, claim agent or other agent in the full time employ of this defendant, or other employees, pertaining to the accident out of which this cause of action grew, and including statements made by any witnesses who may have been eye witnesses to the accident.

Defendant, Iowa-Illinois Gas & Electric Company, strenuously resists the granting of any such order as prayed for by plaintiffs in their motion, contending that plaintiffs' mere statement that the documents sought are needed to aid in the preparation of their case, is not a sufficient showing of good cause to justify its request; that plaintiffs' motion fails to show that the documents sought contain evidence which is material to any matter involved in this action; that that portion of plaintiffs' motion mentioned in (2) above, does not sufficiently designate or describe the documents sought for inspection and copying as required by Rule 34, or that they are in the possession, custody or control of the de-

fendant; and that plaintiffs' motion is in the nature of a "fishing expedition" and not permissible under Rule 34.

Rule 34 of the Rules of Civil Procedure for the District Courts of the United States, reads in part—"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * *."

It is agreed generally that the new Rules of Civil Procedure, especially Rules 26 to 37, are to be accorded broad and liberal treatment, for, as Judge Moscowitz has stated in Beler v. Savarona Ship Corporation, D.C., 26 F.Supp. 599—"One of the basic purposes of the new Rules is to enable a full disclosure of the facts so that justice might not move blindly." But, the right of the plaintiffs in this case to require the production of records and other matters and to inspect, copy and use the same is not an absolute right, but is one which can be secured and must be exercised only under definitely restricted circumstances, subject always to such limitations as the court may direct for the protection of the parties under Rule 30(b).

Under Rule 34 the plaintiff must make a showing, as follows: (1) That there is "good cause" for the production and inspection of the desired material.

(2) The material requested must be "designated" with reasonable definiteness and particularity.

(3) The material must not be privileged.

(4) The material must constitute or contain evidence relating to matters within the scope of the examination permitted by Rule 26(b), i. e., it must be "revelant to the subject matter involved in the pending action."

(5) The material must be within the possession, custody or control of the party upon whom the demand is made.

The new Federal Rules provide for only a sketchy statement of the substance of the claim or defense, which can amount to little more than a notice. It is therefore incumbent that some machinery be substituted for such lack of detail in the pleading and the discovery rules are the answer. It has been said that the most effective machinery for reducing and clarifying the issues is a preliminary examination of the evidence of both parties, as broad in scope as the trial itself. Likewise, it should be noted that this reasoning applies with like force as to both plaintiff and defendant.

The discovery rules, Nos. 26 to 37, inclusive, set up a means of reducing and clarifying the issues and provide for a preliminary examination of the evidence of both parties, as broad in scope as the trial itself.

Rule 26 provides for taking the testimony of any party or witness by oral examination or written interrogatories.

Rule 33 provides for the issuance of written interrogatories to any adverse party.

Rule 34 provides, upon a showing of good cause, for an order upon any party to produce designated papers for inspection, copying or photographing.

The scope of the examination allowed is set forth in Rule 26(b) and permits a party to be examined regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of the persons having knowledge of relevant facts.

■ The pre-trial deposition discovery mechanism established by Rules 16, and 26 to 37, is indeed a significant innovation of the Federal Rules of Civil Procedure. Previous to the adoption of said new Rules inquiry into the issues and facts before trial was narrowly confined and often cumbersome and, as such, civil trials in the federal courts need no longer be carried on in the dark by either party to them. It

is now possible and practicable, consistent with compliance to the 5 prerequisites heretofore enumerated, for either party to obtain the fullest possible knowledge of the issues and facts before trial; and mutual knowledge of all the relevant facts gathered by both parties is essential to litigation; thus permitting either party to compel the other to disgorge whatever facts he has in his possession. The net effect of this procedure simply is to advance the stage at which these facts are available to each party and thus eliminate to the fullest extent possible, prior to the time of the trial, the possibility of surprise to either party. Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451.

Plaintiffs contend that because of the severe injury and subsequent death of their child that they were prostrated and grief stricken for some period of time following the alleged accident; and that, as such, were not provided with an opportunity to immediately retain counsel and obtain for themselves an intimate knowledge of the facts surrounding said accident, and that defendant availed itself of this information by a regularly employed claim agent who obtained a statement from the driver of the bus which allegedly collided with the child.

■ And it should here be observed that good cause has nothing to do with the contents of the documents requested, but rather with the reasoning why their production is called for. Reeves v. Pennsylvania R. Co., D.C., 8 F.R.D. 616.

Plaintiffs' motion as to the documents or papers requested is couched in two numbered paragraphs, each of which must be treated individually in our search to ascertain whether the tests under Rule 34 have been met in said motion. Since no affidavit is appended to the motion, the court must look to the statements made in the motion itself, the complaint and written arguments for the facts upon which to base a decision.

■ In conclusion, I am of the opinion from a reading of the complaint, the motion and arguments that the request made in paragraph 1 of this motion meets all the tests set forth in the cases and as dis-

cussed herein. Certainly there is reasonable ground for belief that the documents requested contain evidence relating to matters not privileged, and which are relevant to the allegations of the complaint herein and particularly to paragraphs 5 and 6 thereof; or are reasonably calculated to lead to the discovery of admissible evidence and are needed by the plaintiffs to aid in the preparation of their case.

■ Likewise, good cause is shown for the production and inspection of the desired material. The document requested is designated with reasonable definiteness and particularity, and the material .is shown to be within the possession, custody and control of the defendant. Certainly there is no prejudice to the defendant which could result from the production of the statement made by the driver of the bus.

■ As to paragraph No. 2 of the motion, no showing has been made that the material thereby sought is not privileged. Likewise, no showing has been made that it is relevant to the subject matter involved in the pending action; nor, is the material "designated" with reasonable definiteness and particularity. It is true that the courts have recently departed from their prior denunciations of "fishing expeditions", Hirshhorn v. Mine Safety Appliances Co., D.C., 8 F.R.D. 11, 21, Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451; and yet the discovery rules do not go so far as to permit an encroachment by one party upon the other's files made up in contemplation of and in preparation for the trial of his cause, without a particularly strong showing of good cause, which is not present here. Hickman v. Taylor, supra.

It is quite conceivable that there may be statements, memoranda, or other papers now in the possession of the defendant or its counsel which could be reached by the discovery mechanism, provided the prerequisites herein set forth are adequately shown.

The Clerk will enter the following order:

This matter coming on for hearing on the motion of the plaintiffs for an order on the defendant Iowa-Illinois Gas and Electric Company to produce documents under Rule 34 of the Rules of Civil Procedure, and the same having been argued by briefs of counsel, and being advised,

It is ordered that said motion is sustained except as to paragraph No. 2 thereof which is overruled. Both parties except.