## PENNSYLVANIA R. CO. v. JULIAN.
### Civ. A. No. 1220.

United States District Court
D. Delaware.
July 14, 1950.

William S. Potter and James L. Latchum (Southerland, Berl & Potter), of Wilmington, Del., for plaintiff.

John Van Brunt, Jr. (Killoran & Van Brunt), of Wilmington, Del., for defendant.

RODNEY, District Judge.

This case is before the court upon a motion of the defendant for the production of documents and photographs under Rule 34, Fed.Rule Civ.Proc., 28 U.S.C.A. The plaintiff has objected to the production of the documents and photographs which are

sought under paragraphs 1–4, 8, 16 and 17 of defendant's motion upon the grounds that (1) no "good cause" has been shown by the defendant for their production, and (2) the documents and photographs are privileged.

The documents and photographs which plaintiff objects to producing are as follows: (1) all reports of the engineer, fireman, and conductors of train No. 123 made to plaintiff concerning the accident, (2) reports of the plaintiff's claim agents, (3) all medical reports prepared and filed with the plaintiff concerning the injuries suffered by the engineer and fireman of train No. 123 as a result of the accident, (4) photographs of the engine taken after the collision, and (5) photographs of the Harmony Crossing (the place of the accident) taken after the collision or within one year prior thereto. It is my understanding that the request for this last item (5) was withdrawn by the defendant.

■ It is elementary that a party moving for the production of documents under Rule 34 must show good cause therefor.[1] What constitutes "good cause" depends to a considerable degree upon the particular circumstances of each case and upon considerations of practical convenience.[2]

In this case the documents and photographs sought are allegedly in the possession of the plaintiff. The accident out of which this action arose occurred on June 22, 1948. On that day, one of plaintiff's trains ran into a tractor-trailer of the defendant on a railroad crossing known as Harmony Crossing in New Castle County, Delaware, and damage was done to the plaintiff's train. The plaintiff claims that the defendant is liable for such damage by reason of his negligence. Suit was not instituted by the plaintiff until May 19, 1949.

It is reasonably clear that in a case of this sort, where much may depend upon the necessarily uncertain memory of a few individuals as to what occurred in the space of a few minutes or a few seconds, it is important and, indeed, necessary that

both parties should have access to such more or less contemporaneous record of events as may exist. The plaintiff, however, in countering this motion to produce, has furnished to the defendant the names and addresses of numerous individuals from whom it contends the defendant could obtain the information which he seeks, by way of depositions. While it is true that in some cases a party may not be entitled to the production of statements of witnesses or of other persons procured by the other party, because he is in as good a position to obtain such statements himself, this, in my opinion, is not such a case. The reports and statements of the plaintiff's employees were made, it appears, almost immediately after the happening of the accident. Suit was not brought by the plaintiff until eleven months after the accident. It follows, therefore, that even if the defendant had then acted with extraordinary expedition to obtain the statements of those employees by taking their depositions, such depositions would not have been based upon a reasonably fresh recollection of the events. The defendant could perhaps have attempted to obtain statements from the plaintiff's employees and witnesses before suit was instituted, but whether such an attempt would have been attended with entirely satisfactory results must be a matter of some uncertainty and doubt. It appears, furthermore, that several of the witnesses, whose names have been furnished by the plaintiff, could only be reached by the defendant with some difficulty or inconvenience.

■ As far as the reports and statements of the plaintiff's employees are concerned, therefore, I conclude that good cause for their production exists under the particular circumstances of this case.[3] With respect to the medical reports sought by the defendant, these also are documents of a more or less contemporaneous nature, containing information not reasonably capable of being obtained elsewhere after the institution of the suit and necessary to the defendant's preparation of his case.

1. Alltmont v. United States, 3 Cir., 177 F.2d 971; Reeves v. Pennsylvania R. Co., D.C., 8 F.R.D. 616.

2. See 2 Moore's Federal Practice, 1st Ed., p. 2640

454

The photographs which the defendant seeks clearly fall into the same category.

My conclusion is that good cause exists for the production of these several documents and photographs.

The question whether these documents and photographs are privileged seems to present a somewhat more difficult problem. Briefly, the plaintiff contends that they were prepared or gathered in relation to an intended action with the bona fide intention of being laid before its attorneys for the purpose of taking their advice, and are therefore privileged under the rule stated in the Delaware case of Wise v. Western Union Telegraph Co., 6 W. W. Harr. 456, 36 Del. 456, 178 A. 640. The defendant is apparently willing to concede or agree that the question of privilege in this case, it being a diversity of citizenship case, is governed by the law of Delaware, but he contends that even under the local law the documents in question are not privileged, since they are in reality in the nature of business records gathered or maintained as a matter of routine. To support its contention the defendant has, with leave of court, taken the depositions of certain employees of the plaintiff relative to the gathering of these reports. These depositions are now on file in this court and have been consulted and examined in the consideration of this question.

In Reeves v. Pennsylvania R. Co., D.C., 8 F.R.D. 616, this court was confronted with somewhat the same problem as is now before it. It refused to order the production of the documents there sought, holding that no good cause had been shown for their production. The court also considered the question whether the documents were privileged. Both parties in that case agreed or conceded that since jurisdiction was founded upon diversity of citizenship, the law of Delaware governed on the question of privilege. The court, upon the basis of that concession and expressly declining to decide what law was applicable, assumed that the law of Delaware governed, and reached the conclusion that under that law the documents there sought were privileged and that their production could not for that reason be compelled.

In view of the conclusion which I have reached in the present case, I am of the opinion that there is no necessity to decide whether the question of privilege is governed by local law or by rules peculiar to the federal courts, for the result would seem to be the same in either case.

There can be little question that under the principles stated in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, and followed in such cases as Thomas v. Pennsylvania R. Co., D.C., 7 F.R.D. 610, the documents and photographs requested by the defendant under this motion would not be privileged. If the question, therefore, of the privileged nature of the documents were to be determined by reference to what may be called the "federal rule" and not by reference to local law, there would be no good reason for denying the defendant's motion as to these documents.

Even if the local law were applicable, the result would seem to be the same. The rule stated in Wise v. Western Union Telegraph Co., supra, is as follows: "Documents prepared in relation to an intended action, whether at the request of a solicitor or not, and whether ultimately laid before the solicitor or not, are privileged if prepared with a bona fide intention of being laid before him for the purpose of taking his advice; and an inspection of such documents cannot be enforced." [6 W. W. Harr. 456, 36 Del. 456, 178 A. 644]

The plaintiff argues that this rule applies because the reports, statements, etc., were prepared, to some extent under the guidance of local counsel, with the intent not only that they should be ultimately submitted to the plaintiff's legal department, but also that they should be laid before the

3. It is recognized that the present case only involves a matter of property damage and medical reports normally might have little relevancy. Companion cases cover items of personal injury. Objections to production were pressed in this case, but as applicable also in the other cases. These objections were primarily based upon a general lack of "good cause" and "privilege." No specific exception has therefore been made by me as applicable to medical reports in this particular case.

plaintiff's local counsel. This is said by the plaintiff to be equally true of all these documents and photographs.

■ After a careful study of the depositions taken in connection with this motion, I am unable to agree with the plaintiff's position. I am of the opinion that the reports, statements, and photographs in question were prepared and gathered as a matter of routine and of established practice on the part of the plaintiff corporation. They were not prepared for use in an existing or intended action but pursuant to a well-settled course of conduct of the plaintiff's employees applicable with more or less uniformity and completeness to all accidents in which the interests of the Railroad were involved. As far as can be ascertained from the depositions and affidavits now before the court, the documents in question were obtained or prepared many months before any action was brought or before any action was clearly and certainly in contemplation. For these reasons, I conclude that the documents cannot properly be said to have been "prepared in relation to an intended action," and that they are, therefore, not privileged even under the rule stated in the Wise case.

Defendant's motion to produce will be granted and an order accordingly may be submitted.