## BOWDLE v. AUTOMOBILE INS. CO. OF HARTFORD, CONN.

### Civ. A. No. 1312.

United States District Court
D. Delaware.

Nov. 9, 1950.

James R. Morford (of Morford, Benne-thum, Marvel & Cooch), of Wilmington, Del., for plaintiff.

Edmund N. Carpenter, II (of Richards, Layton & Finger), of Wilmington, Del., and J. Welles Henderson (of Rawle & Henderson), of Philadelphia, Pa., for defendant.

RODNEY, District Judge.

In this case the plaintiff has brought suit upon a policy of marine insurance. The complaint seeks to recover for loss resulting from damage done to his yacht or motor cruiser, the Ivirna, when it sank in the St. Jones River, Dover, Delaware, on or about May 28, 1949, and for further loss resulting from the burning of the yacht later in the same year. It appears that the yacht was raised almost immediately after it sank in May, 1949; that a survey and examination of the boat was made on behalf of the defendant on June 1, 1949, by one Paul R. Shoe, and that a written report of the survey was made to the defendant. The case is now before the court upon a motion of the plaintiff seeking production of the report which is now in the defendant's possession.

In support of his motion the plaintiff states that Paul R. Shoe was an engineer employed by the defendant with the sole duties of technical investigator; that his report, if truthfully and accurately made, will disclose the condition of the yacht on June 1, 1949 and will show the extent of the damage done to it; that the plaintiff neither has in his possession nor has ever seen a copy of the report; and that the written report is competent evidence in this case but will not be available to the plaintiff, unless its production is ordered by the court.

At the hearing on the motion the defendant offered to the plaintiff a copy of part of the contents of the Shoe report. This was the part of the report which in the defendant's view contained factual statements regarding the condition of the yacht. The defendant insisted that it should not be compelled to produce the rest of the report because it consisted of expressions of opinion by Shoe as to the defendant's possible liability under the policy and of his version of statements purportedly made to him by the plaintiff at the time of the survey. The defendant's position is that the plaintiff has not shown good cause for requiring the production of these other portions of the report. In order to assist the court in arriving at a determination of this motion, the defendant made available to it a complete copy of the report.

An examination of the complete report shows that its contents may fairly be placed in three categories: (1) Report of the condition of the yacht; (2) Shoe's version of statements purportedly made by the plaintiff at the time of the survey; and (3) expressions of opinion as to the defendant's possible liability under the policy. The defendant seems in effect to have agreed to make available those parts of the report falling into the first category, and it is, therefore, unnecessary to consider whether their production could properly be compelled, if resisted. The court is concerned solely with the matters falling into the second and third categories, and the only question is whether "good cause" has been shown for compelling the production of those parts of the report which cover these matters. The defendant expressly stated at the hearing that no claim of privilege was being made.

■ That a motion for the production of documents under Rule 34, Fed. Rules Civ.Proc., 28 U.S.C.A., requires an affirmative showing of "good cause", in addition to its appearing that the documents sought are "relevant", is now beyond question.[1] It is also reasonably clear that what will constitute "good cause" will depend considerably upon the particular circumstances of each case,[2] and it is for this reason that prior cases dealing with the problem of "good cause" in relation to Rule 34 can only be of limited assistance.

With respect to the parts of the survey dealing with the statements purportedly made by the plaintiff to Shoe, the general principles to be applied were laid down by the Court of Appeals for this Circuit in Alltmont v. United States, 3 Cir., 177 F.2d 971, 978, in the following terms: "The Rules, however, do not give a party an absolute right to obtain either the text or a resume of the statements which the adverse party has obtained from the persons whom he or his agents have seen. Having obtained information as to the existence, nature and location of the statements through interrogatories he [a party] is in position to move for their production under Civil Procedure Rule 34 or Admiralty Rule 32. But he must in every case make the showing of good cause required by those Rules for their production. In other words he must show that there are special circumstances in his particular case which make it essential to the preparation of his case and in the interest of justice that the statements be produced for his inspection or copying. His counsel's natural desire to learn the details of his adversary's preparation for trial, to take advantage of his adversary's industry in seeking out and interviewing prospective witnesses, to help prepare himself to examine witnesses or to make sure that he has overlooked nothing are certainly not such special circumstances since they are present in every case. * * *"

Where the statement was obtained from a party now seeking discovery of it, the opinion is expressed by Professor Moore that less showing of good cause should be required than where the production of statements of witnesses is sought.[3] The reported cases, however, in which this question has been presented, have reached varying conclusions, with perhaps a predominant tendency towards the denial of production of such statements.[4]

■■ Each case must of course stand upon its own facts. Here, even if the standard suggested by Professor Moore were applied, I can find no sufficient showing of good cause for permitting the inspection of the parts of the report cover-

1. See Reeves v. Pennsylvania R. Co., D. C., 8 F.R.D. 616.

2. 4 Moore's Federal Practice (2d Ed.) 34.08.

3. 4 Moore's Federal Practice (2d Ed.) 34.08.

4. See, among many other cases, Lester v. Isbrandtsen Co., Inc.. D.C., 10 F.R.D 338 (plaintiff not entitled to production of own statement); Hudalla v. Chicago, M., St. P. & P. R. Co., D.C., 10 F.R.D. 363 (motion for production of plaintiff's own statement denied); Viront v. Wheeling & Lake Erie R. Co., D.C., 10 F.R. D. 45 (production of plaintiff's statements compelled).

ing the plaintiff's purported statements to Shoe. It is not even a statement written by the plaintiff or a verbatim report of a statement made by the plaintiff. It is merely one person's version of a conversation. More important, it does not appear that Shoe himself is unavailable for pre-trial examination. Under the circumstances, good cause for the production of this part of the report seems to be lacking. The plaintiff places some reliance on the recent case of Pennsylvania Railroad Co. v. Julian, D.C., 10 F.R.D. 452. That case, however, presented a fact situation which was materially different from the situation here and I feel is not particularly pertinent. Insofar as that part of the report having to do with purported statements of the plaintiff is concerned, I feel that it should not be required to be produced.

Turning now to that part of the report containing Shoe's expression of opinion as to the defendant's possible liability, it does not appear that this expression of opinion was ever communicated to any person other than Shoe's principal. Again there seems to be no showing of good cause for compelling production. The competency or even "relevancy" of this material is not entirely apparent, and there seems to be no good ground for saying that the plaintiff will be prejudicially affected one way or the other by not having access to this part of the report. The courts seem to have shown some reluctance to make available opinion matter of this nature.[5]

I conclude, therefore, that plaintiff's motion should be granted only to the extent of the factual statements contained in the Shoe report. From an inspection of the report, however, it seems that the defendant has not offered to make available to the plaintiff all of the matter which reasonably comes within the definition of factual statements. Accordingly I have placed arbitrary numerical designations to the various paragraphs of the report and think the following matter appearing in the report must be submitted to the plaintiff for inspection and copying: the whole of page 1 including both sides of that page

down to "Summary"; and the second, third, fourth and seventh paragraphs of the "Summary". With respect to the rest of the report, the motion must be denied.

If there be doubt that the action of the defendant complies with this requirement, the matter submitted to the plaintiff may be presented to the court for comparison with the completed copy in possession of the court.

An appropriate order may be submitted.