## HUMPHRIES v. PENNSYLVANIA R. CO.
### Civ. A. No. 28821.

United States District Court
N. D. Ohio, E. D.
March 18, 1953.

Reuben Segall, Youngstown, Ohio, for plaintiff.

Norman A. Emery and Harrington, Huxley & Smith, Youngstown, Ohio, for defendant.

FREED, District Judge.

Plaintiff, an employee of Republic Steel Corporation, brought this action for personal injuries sustained as a result of the alleged negligence of certain employees of the defendant Pennsylvania Railroad. The accident giving rise to the action actually took place on Republic Steel property where defendant operated its locomotives and

freight cars pursuant to an agreement with Republic Steel. Plaintiff has moved (1) for discovery and production of photographs, sketches and statements and accident reports of defendant's "employees, agents, crew members and witnesses" and (2) for "production of all papers, letters, reports, memoranda, communications, sketches and photographs" (concerning the accident) submitted by Republic Steel to defendant. In its motion plaintiff has also sought an order (3) permitting it to go upon the premises of Republic Steel for the purpose of surveying and photographing the scene of the accident.

Defendant resists production of the documents listed above on the ground that they are in the possession of counsel and are, therefore, privileged against disclosure, as communications between attorney and client.

Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides for the production on motion of "any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, *not privileged,* which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control * * *." (Emphasis added.) The only limitations imposed upon the examination which a party may conduct under Rule 26 are that the matters concerning which he inquires must be "not privileged" and that they must be "relevant to the subject matter" of the action. There can be no doubt that the matters sought in this case satisfy the requirement of relevancy under the Rule. Therefore, the only question which this Court is called upon to decide is whether or not those matters are privileged within the meaning of the Rules.

One of the chief difficulties which the courts face in deciding questions involving privileged communications, when raised at this stage of the proceedings, arises from the fact that they are seldom fully apprised of the circumstances under which those communications came into existence. When was the communication made? To whom and by whom was it made? How did it come into the possession of defendant's counsel? If the communication is in the nature of a statement concerning the accident, whose statement was it? When and where was it taken? What was the relation of the party giving or the party taking the statement to the defendant? How and when did the statement come into the hands of defendant's counsel? Is counsel a salaried employee of the party opposing discovery or is he an independent attorney merely retained by defendant? In any given case each of these questions may be of vital importance in determining whether or not the matters sought are actually privileged.

In its motion plaintiff merely seeks production of "all" statements of defendant's employees, agents, crew members and witnesses, "all" photographs, sketches and reports submitted by Republic Steel to defendant and "all" photographs and sketches taken or drawn by defendant's agents. No attempt is made to describe in any detail the type of materials which are sought. In the same manner, defendant opposes production merely on the ground that "all of the information requested" is in the hands of "counsel for the defendant." The difficulty, thus becomes apparent, for it is axiomatic that one cannot render privileged that which is otherwise not privileged merely by placing it in the hands of his attorney.

One proposition is clear. The defendant cannot refuse to produce the statements taken by its counsel from independent parties who may be called as witnesses on the ground that they are in the nature of privileged communications between attorney and client. Hickman v. Taylor, 1946, 329 U.S. 495, 67 S.Ct. 385, 391, 91 L.Ed. 451. In the Hickman case Mr. Justice Murphy speaking for the majority of the court commented:

"And since the materials here in issue were secured by Fortenbaugh from third persons rather than from his clients, the tug owners, the conclu-

sion is reached that these materials are proper subjects for discovery under Rule 26."

It is likewise apparent from the opinion in the Hickman case that the decision covers statements taken from the employees of the party against whom discovery was sought as well as statements taken from independent parties. The Court was unwilling, in either respect, to extend the privilege to statements taken by an attorney in anticipation of litigation as some federal courts had done in the past. The following language from 329 U.S. at page 508, 67 S.Ct. at page 392, renders that fact undebatable:

"We also agree that the memoranda, statements and mental impressions in issue in this case fall outside the scope of the attorney-client privilege and hence are not protected from discovery on that basis. It is unnecessary here to delineate the content and scope of that privilege as recognized in the federal courts. For present purposes, it suffices to note that the protective cloak of this privilege does not extend to information which at attorney secures from a witness while acting for his client in anticipation of litigation."

The precise nature of the accident reports which plaintiff seeks is not disclosed. There is no indication, however, that such reports as defendant may have in its possession are not made in the course of its general business practice. This Court is of the view that reports of that type do not fall within the protection of the attorney-client privilege, as it exists in the federal courts. It has been so assumed by other district courts. Dulansky v. Iowa-Illinois Gas & Electric Co., D.C.1950, 10 F.R.D. 146; Pennsylvania R. Co. v. Julian, D.C. 1950, 10 F.R.D. 452; Terrell v. Standard Oil Company of New Jersey, D.C.1945, 5 F.R.D. 146; Corbett v. Columbia Transp. Co., D.C.1946, 5 F.R.D. 217.

Some of the district courts have drawn a distinction between reports made as a general business practice prior to the institution of the action and reports made after the institution of the action for the use of counsel in preparation for trial. Smith v. Washington Gas Light Co., D.C.1948, 7 F.R.D. 735. See also: Portman v. American Home Products Corp., D.C.1949, 9 F.R.D. 613; Farr v. Delaware L. & W. R. Co., D.C.1944, 7 F.R.D. 494. Documents of the former category have been held by these courts to fall outside the protection of the privilege; whereas, those of the latter type have been held to be within the scope of the privilege. The only apparent effect of these decisions is to make it clear that reports prepared after commencement of the action with a view toward aiding counsel in the preparation of the case do not qualify as reports made within the general course of the business and may not, therefore, be obtained by motion for discovery.

With the exception of accident reports made after the institution of this action and for the use of counsel in preparing its case, then, the items sought by the plaintiff are not protected by the attorney-client privilege as it exists in the federal courts. Defendant, however, urges upon this Court the somewhat novel contention that the question of privilege must be resolved in accordance with the law of the state in which the court sits. There can be no doubt, if defendant's contention is correct, that all of the matters sought in Items 1 and 2 of plaintiff's motion would be privileged against discovery under the provisions of Section 11494 of the Ohio General Code and the decisions which have construed and interpreted that section.

The applicable portion of the above statute reads, as follows:

"The following persons shall not testify in certain respects:

"1. An attorney, concerning a communication made to him by his client in that relation, or his advice to his client * * *."

In In re Hyde, 1948, 149 Ohio St. 407, 79 N.E.2d 224, the Supreme Court of Ohio held that accident records prepared by a claim agent of a municipal transportation system and subsequently turned over to the legal department of the system were priv-

ileged and need not be produced under a *subpoena duces tecum* issued to the general manager of the system. The court said at page 227 of 79 N.E.2d:

"We are of the opinion that when reports concerning an accident on a public transportation system have been made in the course of business of the company operating the system, and when such reports, including the names of the witnesses and the reports of such witnesses, have been turned over to the legal department of the company, they are privileged."

In In re Shoup, 1950, 154 Ohio St. 221, 94 N.E.2d 625, under circumstances similar to those in the Hyde case, supra, the Court held that slips of paper containing the names of witnesses to an accident obtained by an employee of the same transportation system and subsequently surrendered to the legal department of the system were within the protection of the attorney-client privilege.

■■■ The sole question facing this Court, then, is the applicability of Ohio law, under the doctrine of Erie Railroad v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, to the problem here posed.

This Court's search of the adjudicated cases has revealed only three decisions dealing directly with the query. In Reeves v. Pennsylvania R. Co., D.C.Del.1949, 8 F.R.D. 616, 619, the court expressed the view that statements of witnesses taken on behalf of the defendant railroad and subsequently placed in the possession of counsel were privileged against discovery under Delaware case law. Although emphasis was placed on the fact that counsel had agreed that Delaware law should apply, the court remarked:

"The case presents the anomalous feature that certain applications of discovery process may be available under Hickman v. Taylor in cases arising under the general federal jurisdiction of a district court, and may not be available in cases arising solely by reason of diversity of citizenship. This result is accomplished by reason of the fact that the law of privilege as applied to communications or documents may not be uniform in the federal jurisdiction and under the law of the several states, and the law of the several states must be applied if Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, is applicable. For the purpose of the present motion the relevancy of Erie v. Tompkins and the consequent application of the Delaware law of privilege is conceded and assumed."

Whether the applicability of Erie-Tompkins can be resolved by a court merely because counsel in a particular case have agreed that it is the correct decision, to say the least, is questionable. Later in Pennsylvania R. Co. v. Julian, supra, the same district court again took occasion to discuss the question of whether federal or local law governed the determination of privilege at the discovery stage of the case. Just as in the Reeves case counsel apparently agreed that Delaware law should apply. However, the circumstances of the Julian case differed sufficiently from those of the Reeves case that the documents sought were outside the privilege under Delaware law, as well as federal law. Consequently, the court held that it need not decide the conflicts question.

In this Court in Panella v. Baltimore & Ohio R. Co., D.C.1951, 14 F.Supp. 196, Judge Jones, quoting from Moore's Federal Practice, 2d Ed., Section 26.23(8), held that "privilege is a matter of procedure 'like most other aspects of the law of evidence'," and that the federal courts are, therefore, free to follow their own concept of the attorney-client privilege. The Panella case apparently is the only decision on the question posed in which counsel for the moving party opposed the application of state law.

Very recently our own Court of Appeals, in a footnote in U. S. v. Brunner, 6 Cir., 1952, 200 F.2d 276, 280, referring to husband and wife privilege, said:

"Section 606(1) of Carroll's Kentucky Civil Code of Practice, which

makes confidential communications between husband and wife inadmissible, does not here control in view of Rule 43(a), Rules of Civil Procedure, 28 U.S.C.A., which provides for the widest rule of admissibility whether under Federal law or State rule * * *."

This Court is in accord with Wild v. Payson, D.C.1946, 7 F.R.D. 495, where it was held that "not privileged" within the meaning of the Rules of Civil Procedure relating to discovery should receive the same interpretation as in the law of evidence. Professor Moore has taken substantially the same position. 2 Moore's Federal Practice, 1st Ed., 2641.

The conclusion is sound that the federal courts are warranted to view the problem pertaining to the attorney-client privilege in the light of the law of the federal courts rather than the law of the state where the litigation occurs.

■ Of course, the Supreme Court in the Hickman case considered the problem of whether or not the "work product" of an attorney should be privileged from disclosure at the discovery stage of the proceedings. A great deal of the difficulty and confusion which has arisen over this question of privilege stems directly from the failure to distinguish between the rule applicable to confidential communications between attorney and client and that applicable to matters which make up the "work product" of an attorney. It is evident in this case that defendant relies on the rule applicable to confidential communications. There is no claim that the matters sought by motion for production are the "work product" of an attorney. It is indisputable that one who claims a privilege has the burden of establishing affirmatively that the matters for which he claims the privilege fall within its coverage. Defendant has failed to sustain this burden.

In Item No. 3 of his motion plaintiff seeks an order permitting him to enter upon the premises of the Republic Steel Corporation for the purposes of inspecting, measuring, photographing and surveying the area of the accident. There is no showing that defendant has "possession or control" of the premises as required by Rule 34(2) of the Federal Rules of Civil Procedure. Such an order obviously cannot be directed to the Republic Steel Corporation which is not a party to this action.

Items Nos. 1 and 2 of the motion will be sustained; Item No. 3 will be overruled.