**D. KIRKLAND, Jr.**

v.

**MORTON SALT COMPANY.**

**Civ. A. No. 11663.**

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 14, 1968.

Nall, Miller, Cadenhead & Dennis, Atlanta, Ga., Brannen, Clark & Hester, Savannah, Ga., for plaintiff.

McBride, Baker, Wienke & Schlosser, Chicago, Ill., Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

In this diversity action for malicious use of process (in suing out a garnishment against plaintiff on a debt which had allegedly been paid), defendant objects to certain of plaintiff's interrogatories to defendant and its attorneys on the grounds that they are the work product of attorneys, and that documents may not be discovered by Interrogatory.

A third ground, concerning an interrogatory allegedly assuming facts not established, was not mentioned in the nine-line document filed by defendant, labeled "brief". Inasmuch as Local Rule 8(d) requires that a brief of authorities be submitted with all written motions, that ground is considered abandoned and will not be ruled upon.

Going to the work product controversy, it appears that the garnishments were directed to insurance companies who allegedly owed money to plaintiff for a fire loss. What is sought by plaintiff here (who had been defendant in garnishment) is to discover of the defendant (who had been plaintiff in garnishment) how and upon what date defendant's agent (attorney) learned the names of insurance companies owing accident benefits to plaintiff, and upon what date specific amounts came to be known. Also sought was whether any agent of defendant communicated with the various companies, and if so, who, by what means, and who was contacted.

Because the parties compiling such information were defendant's collection attorneys, preparing for a suit on an account and garnishment action against plaintiff, defendant asserts that the information is an attorney's "work product", is privileged, and is therefore not discoverable.

The definitive case in this area of discovery of attorney's work product is Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). That case set the balance between the "safeguards * * * established to preclude unwarranted excursions into the privacy of a man's work" and "reasonable and necessary inquiries" sup-

ported by public policy. 329 U.S. at 497, 67 S.Ct. at 387. In approaching that "delicate and difficult task", the court showed a difference between the idea of strict privilege and grounds upon which "work product" could be discovered. It was shown that certain witnesses' statements taken by an attorney were not privileged, and yet were not discoverable upon the broader policy ground that "good cause" was not shown. It is that ground which is the main thrust of Hickman v. Taylor, giving a lawyer's work product a *qualified immunity* rather than a *privilege*, with qualifications to be determined upon the question of necessity or good cause as shown by the facts in each case. Privilege has its basis in rules of evidence, which, according to the *Hickman* court, should not control discovery in every particular. As to an attorney's work product, its immunity retreats as necessity and good cause is shown for its production in a balance of competing interests. See Wright, Federal Courts § 82 (1963 ed.). So, while the information sought here may indeed be an attorney's work product, its immunity under the good cause standard is in issue.

■ Plaintiff's case upon malicious use of process depends upon a showing that defendant prepared and carried out both a suit on an account and garnishment proceedings at a time when full payment of the obligation had been made by check and draft to defendant. To that end, plaintiff seeks to discover what dates various events preparatory to the suit and garnishment took place, and what parties were involved. Necessity is clear. In fact, under the peculiar circumstances here, the actions taken by the attorneys in the former litigation are the very actions here complained of. Looking to what interest defendant has in withholding the information, this court can see none save simple opposition to plaintiff's case. There are no such mental impressions or conclusions as are most closely protected in *Hickman*

(supra, at 511, 67 S.Ct. 385). Also supporting a view that the facts here are discoverable is the knowledge that the attorney obtained much of the sought-after information from third parties.

"* * * (T)he protective cloak of this privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation." *Hickman*, supra, at 508, 67 S.Ct. at 392.

Numerous district courts have used that language to hold that statements or information obtained by the attorney from third persons is not protected. See, e.g., Brookshire v. Pennsylvania R. Co., 14 F.R.D. 154 (N.D.Ohio, 1953); Mills Music, Inc. v. Cromwell Music, Inc., 14 F.R.D. 411 (S.D.N.Y., 1953); Scourtes v. Fred W. Albrecht Grocery Co., 15 F.R.D. 55 (N.D.Ohio, 1953); Humphries v. Pennsylvania R. Co., 14 F.R.D. 177 (N.D.Ohio, 1953).

■ The court feels it proper to conclude, then, that interrogatories Nos. 7 and 11 should be answered. It follows, therefore, that defendant's objections are either invalid or misplaced, and it is impossible to say which at this point, because the court does not know whether or not it or its present attorneys have the knowledge sought. An objection is not an admission of possession of the facts. If defendant has the facts, it must disclose them. If it does not, then of course it cannot answer. The situation is complicated by the fact that the attorneys who acted for defendant in the suit and garnishment complained of do not represent defendant here. Those attorneys have not been served with interrogatories, and may be the only parties with knowledge of the facts sought. This problem is for plaintiff's resolution. This court merely holds that, in any event, the information sought may not be objected to on a "work product" ground.

■ Defendant's other objections are that plaintiff may not require produc-

tion of copies of certain documents by means of interrogatories. As a technical matter, defendant is correct. Rules 26 and 33, Fed.R.Civ.P., pertain only to testimony. Discovery of documents is covered by motion under Rule 34.

Accordingly, defendant's objections to interrogatories Nos. 7 and 11 are overruled, and defendant's objections to interrogatories Nos. 5, 6, 8, 10, 11 and 25, insofar as they require production of documents, are sustained.